22   409
83   286

## Pilsbury vs. McNally.

The doctrine of *recoupment* as recognized by the decisions of this court, only applies to breaches of stipulation, fraudulent or otherwise, growing out of the contract sued upon.

To avoid the payment of money demanded, upon the ground of usury, it must be pleaded.

*Appeal from Jefferson Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Bell & Carlton for the appellant.

To avail of usury in the contract, as a defence, it must be specifically pleaded with an affidavit.   4 *Ark.* 44, 410 ; 2 *Eng.* 146.

Carroll, for the appellee.

Usury may be taken advantage of by way of recoupment of damages.   12 *Ark* 699 ; 1 *Stew. & Port.* 71 ; 9 *How. U. S. R.* 226.

Mr. Justice Compton delivered the opinion of the Court.

The action in this case was founded on a promissory note for the payment of $362.

As a defence, the defendant pleaded nil debet, and gave notice that the account current between him and the plaintiff, for a balance on which the note was given, contained an item " wrongfully charged " against the defendant as interest, and that in consequence of such wrongful charge, he would at the trial claim the right to recoup the debt and damages alleged in the declaration, and that to that end—the cause being sub-

mitted by consent to the court for trial, sitting without a jury—the defendant, against the objection of the plaintiff, was allowed to introduce testimony tending to show that the account current was tainted with usury, and that the excessive interest amounted to the sum of $414 58, the item above mentioned as "wrongfully charged"—and the court being of opinion that the defence was well made upon the pleadings and evidence, rendered judgment for the defendant.

The doctrine of recoupment as laid down in numerous decisions of this court, commencing with *Wheat vs. Dotson*, 7 *Eng.* 699, and ending with *Rotan vs. Nichols*, at the present term, has no application to this case. The defence showed no breach of any stipulation, fraudulent or otherwise, growing out of the contract sued on. Instead of being such a breach, the agreement by the plaintiff to receive more than the legal rate of interest, with the attempt to enforce the agreement by suit, showed a willingness on his part, to carry out and *perform* an illegal stipulation between the parties, and if the defendant desired to prevent its performance, he should have pleaded usury.

The court erred, therefore, in overruling the plaintiff's motion for a new trial, and the judgment must be reversed.