### BLOOM Sr. v. LEHMAN, NEWGASS & CO.

Answer—*When want of distinctness in statement of defenses in, will not prejudice.*—Of the several defenses that may be relied on in an answer, under the Code, although the answer may be so unskillfully drawn as not to distinguish between them, yet, if it contains sufficient facts to show a defense under either, the defendant will not be prejudiced by reason of his not making the proper distinction between the kind of defenses.

Counter-claim—*Nature of.*—The defense of counter-claim, under the code, is but the plea of recoupment under the old practice and, in general, is to be governed by the same doctrines, except where the defendant's demand exceeds that of the plaintiff he may be entitled to a judgment for the excess.

Same—*When applies.*—The defense of counter-claim only applies to breaches of stipulations, fraudulent or otherwise, growing out of the contract sued upon, and not upon entirely separate and distinct causes of action.

Set-off—*Nature of, not extended or enlarged by the code.*—The language of the Code of Practice, respecting set-off, is declaratory and does not extend or enlarge the nature of the demand that may be used as a set-off; it merely recognizes the law as it existed when the code was adopted.

Damages—*When cannot be pleaded as set-off.*—In an action *ex contractu* the defendant cannot rely upon damages sounding in *tort* as a set-off for the plaintiff's demand.

#### APPEAL FROM JEFFERSON CIRCUIT COURT.

Hon. Henry B. Morse, *Circuit Judge.*

*A. H. Garland,* for Appellant.

Bennett, J.—This action was brought against the appellant on a note for fourteen hundred dollars. The answer, by way of defense, alleges:

*First.* A partial payment to the amount of $566 06.

*Second.* Says he is entitled to two thousand dollars as damages due him from appellees, by reason of the false and fraudulent suing out against him of a writ of attachment, whereby they seized upon and attached the property of the appellant and damaged him in his goods, wares and merchandize, and good name and credit as a merchant, in the sum of two thousand dollars, which sum he offers to set off and make

a counter-claim against any surplus due on said note, and prays a judgment in his favor for any balance found due.

The appellees filed a general demurrer to the plea of set-off or counter-claim. The court sustained the demurrer; the plaintiffs admitting the plea of payment, judgment was rendered against the appellant for balance of note sued on. From the judgment on demurrer, the appellant has appealed to this court. Was the demurrer properly sustained?

There are three kinds of defenses that may be relied on, in an answer, under the code:

*First.* Matter which, by the common law, was usually pleaded in bar of actions.

*Second.* Counter-claim.

*Third.* Set-off.

Although the answer may be so unskillfully drawn as not to distinguish between the three, yet, if it contains sufficient facts to show a defense under either, the court will not permit the defendant to be prejudiced by his not making the proper distinction, in his answer, between the kinds of defenses.

It is not claimed by the appellant that the plea demurred to was a defense which could have been pleaded under the common law, but it is insisted, in the body of it, to be a counter claim or set off; therefore, we are not called upon to decide what pleas would be proper under the head of general denial or general issue, but our attention is more directly called to the requisites of a counter claim or set off under the Code. The Code defines a counter claim to be "a cause of action in favor of the defendants, or some of them, against the plaintiffs or some of them, *arising out of the contract or transactions* set forth in the petition, as the foundation of the plaintiff's claim, or connected with the subject of the action." *Section* 117, *Civil Code.*

A counter claim, *eo nomine,* was unknown in the former system of pleading; but the subject matter of such a plea was, in actions *ex contractu,* often available under a plea which

might be styled *recoupment*. Chitty, in his work on Pleadings, on page 563, says: "At common law, and independently of the statutes of set off, a defendant is, in general, entitled to retain, or claim by way of *deduction*, all just allowances or demands accruing to him, or payments made by him in respect of the same transactions or account which forms the ground of action. But this cannot be termed a set off, in the strict legal sense of the word, because it is not in the nature of a *cross* demand or a *mutual* debt, but rather constitutes a *deduction*, rendering the sum to be recovered by the plaintiff so much less."

The general principles governing a plea of recoupment have been well defined and laid down in the case of *Desha vs. Robinson*, 17 *Ark.*, 245, wherein the court say: "When one brings an action for a breach of contract between him and the defendant, and the latter can show that some stipulation, in the *same* contract, was made by the plaintiff which he has violated, then the defendant may, if he chooses, instead of bringing a cross action, recoup his damages arising from the breach committed by the plaintiff, whether those damages be liquidated or not. The idea being that all cross actions or claims arising out of the same contract, shall compensate each other, and the balance only be recoverable by the plaintiff."

The defense termed counter claim, under the Code, as defined, is but the plea of recoupment under the old practice, and, in general, is to be governed by the same doctrines, except, under the provisions of *Sections* 418 *and* 419, *Civil Code*, if the defendant's demand exceeds that of the plaintiff, he may be entitled to a judgment for the excess. This defense only applies, however, to breaches of stipulations, fraudulent or otherwise, growing out of the contract sued upon, and not upon entirely separate and distinct transactions. The plea before us is defective as a counter claim, inasmuch as the matters alleged are separate and distinct from the cause of action.

But it may be contended that it is a valid set off and made so by the Code. The Code defines a counter claim with precision, but it gives no definition of a set off. It, however, restricts the use of a set off to such actions as are founded on contract and to such demands as arise on contracts, or have been ascertained by a decision of a court. See *Section* 119. The demands which could be relied upon as a set off, at the time the Code was adopted, were designated by law, and what demands constituted a valid set off was a matter well understood. See *Gould's Digest*, 1019. It was not necessary to give any explanation in the Code, at the time of its adoption, of the meaning of a set off, explanatory of its nature or extent. If a radical change, on the subject of set off, was intended by the adoption of the Code, the reasonable presumption is, that such an intention would have been clearly indicated. Such being the case, we are not at *sea* upon the question as to what is a good set off to an action. The language of the Code of Practice, declaring that a set off must be a cause of action arising on a contract, does not extend or enlarge the nature of the demand which may be used as a set off; it merely recognized the law as it existed when the Code was adopted. In any event, neither before nor since the adoption of the Code, can a defendant, in defense to an action founded on contract, rely upon a trespass to his person or property, or injury to his character as a set off for plaintiff's demand. It must be some cause of action for which, under the former system, an action of assumpsit, debt or covenant might have been maintained.

The plea before us endeavors to set up a damage, as defense, which might accrue to him by reason of the wrongfully suing out of a writ of attachment, whereby he says he was injured in property, moneys and good name to the amount of two thousand dollars. This he very evidently cannot do, as the damages, if any, are due by reason of tort, trespass or wrong doing of the plaintiff, and are not arising from matter of contract, nor have they been before determined by a court, or in

any manner liquidated or ascertained. Therefore, the court did not err in sustaining the demurrer.

　Judgment affirmed.