## CHANDLER *v.* LAZARUS.

Decided January 16, 1892.

1. *Practice—Action for damages.*

An action for damages for an injury to a building occasioned by an eaves-drip from an adjacent building is properly triable at law.

2. *Counter-claim—Connection with plaintiff's demand.*

In an action for damages to plaintiff's building by an eaves-drip from defendant's house, a counter-claim for damages on the ground that a water-spout attached to plaintiff's wall conveyed the water falling on plaintiff's roof under defendant's house, and thereby endangered the foundation of his building and flooded his cellar, does not arise out of the transactions set forth in the complaint as the foundation of the plaintiff's claim, and is not connected with the subject of the action. (Mansf. Dig., sec. 5034.)

3. *Damages—Adjacent buildings—Eaves-drip.*

The owner of a building whose wall was injured by the failure of an adjoining proprietor to put proper eaves-troughs or gutters upon his building may recover damages to the extent of the injury so caused, though the wall was also injured by a leak in the roof of the building.

4. *New Trial—Newly discovered evidence.*

A new trial will not be granted on account of newly discovered evidence where it does not appear when it was discovered or that reasonable diligence was used to discover it.

APPEAL from *Ouachita* Circuit Court.

CHARLES W. SMITH, Judge.

*B. W. Johnson* for appellant.

1. In all actions for damages the plaintiff must have a preponderance of evidence. 1 Greenleaf, Ev., sec. 75; 2 Denio, 609; 51 Ark., 397. The preponderance is clearly with the appellant.

2. A new trial should have been granted for newly discovered evidence, *original* evidence, and not cumulative merely.

3. When a court of chancery takes jurisdiction for one purpose, it does for all. 1 Story, Eq. Jur., sec. 65 ; 2 Ch. Cas., 200–1. It was error to transfer to the law docket, thus cutting off material defenses.

4. It was error to entertain a demurrer after the jury had

been empaneled and cause stated.  Smith, Pl. & Pr., sec. 1021.

*Bunn & Gaughan* for appellees.

1.   The verdict will stand unless there is no evidence to support it.   5 Ark., 407 ; 53 Ark., 166, 329, and many others.

2.   The cause of action was purely legal, and the court properly transferred it to the law docket.   Mansf. Dig., secs. 4925–8.

3.   The objection as to the demurrer is *made here* for the first time.   Not having been made below it is waived.   Mansf. Dig., sec. 5031.   The cross bill was so defective that a demurrer could be filed at any time.   18 Ark., 304.

4.   The appellant's cause of damage is distinct from that set up by appellees, and not even the subject of recoupment. 12 Ark., 699 ; 16 *id.,* 103 ; 10 Am. St. Rep., 92, and cases.

5.   There was no showing that the newly-discovered evidence could not have been produced by reasonable diligence at the trial.   Mansf. Dig., sec 5151, subd. 7.   But the evidence was cumulative merely.   17 Ark., 404 ; 25 *id.,* 380 ; 11 *id.,* 671 ; 5 *id.,* 256, 403, etc.

BATTLE, J.   Lazarus & Levy brought this action against Chandler in the Ouachita circuit court, on the chancery side thereof.   They alleged in their complaint that they were the owners of lot 15 in block 3 in the city of Camden and a brick building thereon which covered the entire lot ; that the defendant owned the lot adjoining their lot on the west and the frame building thereon ; that the last mentioned building had a shingle roof which sloped east and west, so that the eaves thereof were several feet lower than plaintiff's eastern wall and the " comb " of the defendant's house ; that, on the east side next to their wall, the defendant's roof had no gutter for catching and carrying off the rain or water falling upon his building ; and that all the water falling on the eastern half of his roof was discharged and thrown against and upon the west wall of the plaintiff's building and thereby injured it (the wall), to the damage of the plain-

tiffs in the sum of $2000, for which they asked judgment.

The defendant answered the complaint of plaintiffs, and denied that his house was so constructed as to throw water upon or against the wall of plaintiffs, or that he injured them in the manner alleged in their complaint. He alleged that the damaged condition of the plaintiffs' wall was owing to a defective roof on their own building; and, by way of counter-claim, alleged that a water-spout attached to plaintiffs' wall conveyed a part of the water falling on plaintiffs' roof under his house and thereby endangered the foundation of his building and flooded his cellar to his damage of $100.

The plaintiffs replied and denied defendant's counter-claim, and asked that the action be transferred to the law side of the court; and it was so transferred.

Upon the trial and after the jury was empaneled, the plaintiffs, by leave of the court and the consent of the defendant, demurred to the counter-claim. The demurrer was sustained by the court, and the defendant excepted.

There was no controversy about the defective condition of plaintiffs' wall; that was conceded. Evidence was adduced tending to prove that the wall was damaged by water discharged against it by the defendant's roof; and that this water was thrown upon it through the failure of the defendant to place good and sufficient gutters under the eaves of his roof. On the part of the defendant, evidence was adduced tending to prove that the water from his roof was not discharged upon plaintiffs' wall, and that its damaged condition was owing entirely to the defective roof or construction of their building. No witness testified that the damage was produced by both causes.

The defendant asked the court to instruct the jury as follows: "If the jury believe from the evidence that the inside walls of the house of plaintiffs were injured and from leaks in their own roof, then they will find for the defendant." And the court amended it by inserting after the words "their own roof" the words "and not from the defendant's roof," and gave it as amended. Another instruction was

asked, and was amended in the same manner; but as this amendment presents the same question as the former, it is. not necessary to set it out.

The result of the trial was a verdict and judgment in favor of plaintiffs against the defendant for $150.

The defendant moved for a new trial, first, because the circuit court transferred the action to the law docket; second, because the plaintiffs were permitted to demur to the counter-claim after the commencement of the trial, and because the demurrer was sustained; third, because the court erred in amending instructions : fourth, because the verdict was contrary to the law and evidence ; fifth, because of newly discovered evidence.

The newly discovered evidence was the testimony of one Jake Simmons.   Defendant said he could prove by Simmons that he (Simmons) was " a roofer and tinner ; " and that the gutter of the roof of plaintiffs' building "was always too small for the purpose of conveying off the roof water in times of a heavy rain ; " that it has " been out of repair and leaked and leaks now and will continue to overflow until enlarged; and that all the damage to the wall of plaintiffs is from leaks in their own roof." The defendant did not show that he had used any diligence to find this evidence, or when it was discovered.

The motion was denied, and the defendant appealed.

1.   The action was properly transferred to the law docket. **1. Action for damages triable at law.** The issues in it were law issues and should have been tried as such issues are tried in proceedings at law.   *Organ* v. *Memphis & Little Rock R. Co.*, 51 Ark., 235.

2.   Appellees demurred to the defendant's counter-claim by his consent.   He therefore cannot complain of the time in which the demurrer was interposed.

The demurrer was properly sustained.   The statute says **2 Counter-claim must be connected with plaintiff's demand.** that a counter-claim set up in an answer of a defendant " must be a cause of action in favor of the defendants, or some of them, against the plaintiffs or some of them, arising out of the contract or transactions set forth in the complaint,

as the foundation of the plaintiffs' claim or connected with the subject of the action" (Mansf. Dig., sec. 5034). The cause of action set up as a counter-claim in this case did not arise out of the transaction set forth in the complaint as the foundation of the plaintiffs' claim, and was not connected with the subject of the action. The wrong complained of by the defendant was entirely distinct from and independent of that set forth in the complaint of the plaintiffs, and the rights violated by the two wrongs were equally distinct and independent. *Ward* v. *Blackwood,* 48 Ark., 396.

3. Damages to adjacent building by eaves-drip.   3.   The instruction asked by the defendant was properly amended. As amended it declared, in effect, that, though the roof of the plaintiffs was defective and their wall was injured by water falling through leaks in the same, the defendant had no right to add to the damage by a defective roof. The leaks in the plaintiffs' roof, if any, did not relieve the defendant from liability for damages caused by his own wrong. The plaintiffs had the right to use their building in the condition in which it was, so long as by so doing they did not endanger or injure any one else. The defendant was bound to put proper eaves-troughs or gutters upon his building, and to keep them in proper order, if the neglect to do so would have injured the plaintiffs; and in such case was liable for the damages caused by his failure to do so. If by such failure he had caused only a part of the damage sustained by the plaintiffs, their right of action against him would have been as complete as it would have been had he been the cause of the entire injury, the difference being that the damage recoverable in one case is less than in the other. *Underwood* v. *Waldron,* 33 Mich., 232, 237, 239; *Hazeltine* v. *Edgmand,* 35 Kas., 202; S. C. 57 Am. Rep., 157; *Shipley* v. *Fifty Associates,* 106 Mass., 194; S. C. 8 Am. Rep., 318.

If, then, the instruction as amended properly declared the law, how did the court err in amending it? Was it reversible error for the court to omit to tell the jury that if they found that the damage to plaintiffs' wall was jointly caused by leaks in their own roof and the failure of defendant to

put the proper gutters upon his building and keep them in repair, they should return a verdict in favor of plaintiffs for so much damage as was caused by such failure and no more ? We think not. This court has repeatedly held, that while it may be the duty of the court " to give instructions to the jury, covering the entire law of the case, as respects all the facts proved or claimed by the respective counsel to be proved, still, if he omits something, and is not asked to supply the defect, the party who remained voluntarily silent cannot complain." *Benton* v. *State,* 30 Ark., 335 ; *Carroll* v. *State,* 45 Ark., 548; *Holt* v. *State,* 47 Ark., 198.

But in this case, it seems, there was no contention that the damage to the wall was the effect of the two causes mentioned. No witness so testified. The theory of both parties was that it was entirely the result of one of the two causes ; and the defendant did not ask for a new trial on the ground that the court failed to instruct the jury as to their duty in the event they found that the damage sustained by the plaintiffs was the effect of the two causes. He did not complain of that ; he did not ask for it.

There was nothing in the instruction in question as amended which intimated that the defendant would be liable for the whole damage to the plaintiffs' wall in case his roof was the cause of only a part of it. Such a construction is wholly unwarranted, and it is not reasonable to suppose that the jury so understood it. When the contentions of the parties and the evidence adduced are considered we cannot see how the amendment to the instruction, or the giving it as amended, could have prejudiced the appellant.

4. There was evidence to sustain the verdict and we have no right to disturb it.

5. Appellant was not entitled to a new trial on account of newly discovered evidence. He did not show in his motion and accompanying affidavit that he had discovered any, or, if he had, that " he could not, with reasonable diligence, have discovered and produced" it at the trial. Mansf. Dig., 5151.

4. Newly discovered evidence as ground for a new trial.

The motion for a new trial was properly denied.

Judgment affirmed.