BARRY-WEHMILLER MACHINERY COMPANY *v.* THOMPSON.

Opinion delivered May 20, 1907.

1. COUNTERCLAIM—SEPARATE CONTRACT.—In an action on a contract the defendant can not set up as a counterclaim damages or liability growing out of a separate and distinct contract. (Page 286.)

2. EVIDENCE—VARYING CONTRACT.—Where a written contract of sale of a chattel is complete in itself, it is not admissible to engraft upon it a verbal warranty. (Page 287.)

3. DAMAGES—BREACH OF CONTRACT OF SALE.—The measure of the damages for breach by a vendor of a contract of sale of a chattel is the dif-

ference between the article agreed to be furnished and the one furnished, or, if the one furnished was not fit for practical use, the cost of procuring an article of the kind agreed to be furnished. (Page 288.)

Appeal from Miller Circuit Court; *Joel D. Conway,* Judge; reversed.

*Wm. H. Arnold* and *Will Steel,* for appellant.

This was an action on a contract subsequent to, separate and distinct from, the original contract. If there was any failure on the part of appellant in the performance of the original contract, that failure affords no ground upon which to base a counterclaim in this action. 32 Ark. 284; 27 Ark. 489; 55 Ark. 312; Kirby's Digest, § 6099; 40 Ark. 75; 22 Ark. 409.

*L. A. Byrne,* for appellee.

This controversy grows out of the original contract, in which it was stipulated what machinery and supplies should be furnished to complete the elevator; and, in order to guard against any oversight or omissions, it was provided that if the items mentioned in the list were not enough to put it in running order then what was necessary should be furnished. Failure in this respect was a proper ground of counterclaim. Kirby's Digest, § § 6098, 6099; 71 Ark. 408; 53 Ark. 155.

If Thompson had known of the defects in the machinery when he made the last payment, he would not thereby be estopped to assert his counterclaim for the breach of warranties, either express or implied 53 Ark. 159; Benj. on Sales, § 901; 12 Ark. 699.

McCulloch, J. This is an action instituted by appellant before a justice of the peace against appellee to recover the sum of $62.44 on account for the price of a pulley and belt which, it is alleged, had been sold and delivered on March 3, 1904. The defendant answered, denying said indebtedness and alleging that plaintiff had furnished said articles pursuant to the terms of a contract previously entered into between the parties whereby the plaintiff agreed to furnish to defendant certain elevator machinery, including all necessary belts and pulleys, for the sum and price of $1,500, which the defendant had paid in full.

The defendant also filed a counterclaim against the plaintiff for damages alleged to have been sustained by reason of

a breach of plaintiff's guaranty of the machinery furnished by it under said contract; and also for the value of certain articles of machinery which, it is alleged, the plaintiff failed to furnish as required by the contract. The case was carried by appeal to the circuit court, where a trial before a jury resulted in a verdict and judgment in favor of the defendant for the sum of $201, and the plaintiff appealed to this court.

The defendant introduced in evidence the contract whereby the plaintiff agreed to furnish to defendant, for the price of $1,500, the machinery and supplies for an elevator to be built at Shreveport, Louisiana. The contract contained the following clause:

"In addition to the above the party of the first part proposes to furnish to the party of the second part all necessary elevator bolts, belts, pulleys and shafting, not mentioned herein, to put into running operation the elevators and machinery described above. This clause is added from the fact that some of the articles mentioned may not be enough to do what is intended."

The testimony was conflicting as to whether or not the belt and pulley fell within the terms of the original contract. The defendant testified that these articles were essential to the operation of the elevator, and therefore fell within the terms of the contract; but a witness introduced by plaintiff testified that the articles were not within the terms of the contract, and were sold and delivered to defendant at his special request several months after the elevator was installed and put into operation.

We are unable to determine, with any degree of certainty, whether the jury found in favor of or adversely to the plaintiff on the account, as the verdict is a general one for $201 in favor of the defendant, and it does not appear whether or not the jury allowed the amount and deducted it from the amount of damages assessed. The correctness of the verdict must therefore depend upon the question whether it was proper to submit the counterclaim of defendant to the jury.

The action instituted by the plaintiff was not, it will be seen, upon the original contract entered into on December 7, 1903, for the elevator machinery and supplies. The plaintiff denies any obligation on its part to furnish the belt and pulley under the contract, and claimed that the sale and delivery of those ar-

ticles was the subject of a subsequent independent contract.

The statute provides that a counterclaim "must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." Kirby's Digest, § 6098.

The statute is so plain that it needs no elucidation, and has frequently been applied by this court according to the obvious intent of the lawmakers. *Pilsbury* v. *McNally,* 22 Ark. 409; *Bloom* v. *Lehman,* 27 Ark. 489; *White* v. *Reagan,* 32 Ark. 282; *Hudson* v. *Snipes,* 40 Ark. 75; *Chandler* v. *Lazarus,* 55 Ark. 312; *Matthews* v. *Weiler,* 57 Ark. 606; *Hays* v. *McLain,* 66 Ark. 400. The right of a defendant to counterclaim must be tested by the nature of the cause of action set forth in the complaint of the plaintiff. He can not place his own construction upon the plaintiff's cause of action, which is not warranted by the allegations of the complaint, so as to open up a way for his counterclaim.

The plaintiff sues upon an account for articles alleged to have been sold and delivered on March 3, 1904, and the defendant seeks to counterclaim by reason of damages resulting from an alleged failure of plaintiff to perform a contract executed on December 7, 1903, concerning the sale of elevator machinery. The contracts and transactions were, according to the plaintiff's contention, separate and distinct from each other, and a liability resulting from one can not be made the subject-matter of a counterclaim. This does not mean, however, that the defendant can not, regardless of the plaintiff's contention, show by way of defense against the claim set forth in the complaint that the articles mentioned were not the subject of a separate contract or transaction, but were embraced in the terms of the original contract; nor that the defendant may not set off, against the plaintiff's account, a claim arising out of another contract between them.

Reversed and remanded.

Opinion delivered July 15, 1907.

McCULLOCH, J.  Our attention is called, on the petition for rehearing, to the fact that appellant failed to approximately raise below the question of appellee's right to counterclaim against the cause of action set forth in the complaint.  On examination of the record we find this to be true.

The conclusion which we reached on that question on the former hearing lead to a reversal, and we failed, on that account, to consider other questions presented.  It becomes necessary now for us to do so.

The original contract between the parties, whereby appellant agreed to furnish to appellee the elevator machinery, was complete in itself, and contained a description of each item of machinery to be furnished.  The specifications attached to the contract mentioned the number and sizes of the articles to be furnished, but made no mention of the capacity of the machinery, except as to one item, viz., the hopper to the scales. Appellee was allowed, over appellant's objection, to give testimony in his own behalf tending to establish a verbal warranty as to the capacity of the elevator, or representations from which a warranty would be implied.  This was incompetent.  "Antecedent propositions, correspondence, prior writings, as well as oral statements and representations, are deemed to be merged into the written contract which concerns the subject matter of such antecedent negotiations when it is free of ambiguity and complete."  *Lower* v. *Hickman,* 80 Ark. 505; *Johnson* v. *Hughes, ante* p. 105; *Suitz* v. *Brenner Refining Co.,* 141 U. S. 510.  The contract between the parties was complete and entirely free from ambiguity, and it was not contended that any false or fraudulent representations were made to procure its execution.  The testimony in question did not tend to establish a false and fraudulent misrepresentation, and it was incompetent to engraft a warranty upon the written contract or to supplement the written contract with an oral warranty.

Error of the court is also assigned in allowing appellee to testify concerning the capacity of the hopper to the scales, that it was necessary to hire an extra hand on account of the lack of full capacity of the hopper, and to make the following statement: "I claim $85 difference. I wouldn't have had the scales in the manner they were put up." The measure of damage was not the difference in cost of operating the machinery on account of the incapacity of the scales, but it was the difference between the cost of the hopper to be furnished according to contract and the one actually furnished, or, if the one furnished was not fit for practical use with the other machinery, the cost of procuring another hopper of the capacity stated in the contract.

These errors call for a reversal of the judgment, so the petition for rehearing is denied.