WALLACE P. COOK AND EDWARD G. MULLEN v. THE FIRST NATIONAL BANK OF MENOMINEE.

*Written contract—Parol evidence—Conditional sale.*

After the execution and delivery of a contract for the sale of logs, it was discovered that an agreement for the retention of title in the vendors until the logs were paid for had been omitted though a mistake of the scrivener, who had been directed to insert it, and it was verbally agreed that the contract should be treated the same as if it contained said agreement; whereupon the vendees, before the separation of the parties, and pursuant to the conditions of the contract, executed and delivered their notes for the purchase price of the logs. The logs were delivered to the vendees, and after manufacturing a portion into lumber they sold the same to a third party, from whom it was replevined by the original vendors, who on the trial of the replevin suit sought to show said verbal agreement. And it is held that the giving of the notes was a part of the contract, and necessary to its completion; and that the whole proceeding must be regarded as a part of one and the same transaction, and as falling within the rule that written instruments are not to be changed or varied by contemporaneous parol agreements.

Error to Menominee. (Stone, J.) Argued January 20, 1892. Decided February 5, 1892.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Cyrus T. Crandall ( W. H. Webster,* of counsel), for appellants, contended:

1. The objection that a written contract cannot be varied by parol evidence only applies to evidence of oral understandings contemporaneous with the writings; citing *Seaman v. O'Hara,* 29 Mich. 66.
2. As to the time when a written contract may be changed by parol, see *Holdsworth v. Tucker,* 143 Mass. 369; *Piatt's Adm'r v. United States,* 22 Wall. 496; Bish. Cont. (2d. ed.) § 174.

*B. J. Brown,* for defendant.

LONG, J. On August 5, 1890, the plaintiffs entered into a written contract with Peters & Morrison, a copartnership, to sell them a quantity of pine saw-logs. The contract of sale, or bill of sale, as it is designated in the record, plainly expresses upon its face an agreement to convey the title to all the logs described to said Peters & Morrison. At the time of the purchase a part of the logs were in the Peshtigo river, Marinette county, Wis., and the remainder near the mouth of the Menominee river, in the boom of the Marinette Saw-Mill Company, and all together were estimated at 1,330,138 feet, board measure. The logs were to be sawed into lumber by the vendees, and the lumber scaled and paid for at $7.75 per thousand feet, board measure. On the purchase Peters & Morrison gave their two promissory notes of $7,775 each, payable at 60 and 90 days, respectively. The logs were taken to the mill boom of Peters & Morrison at Menominee, and partly manufactured into lumber.

On October 16, 1890, the parties had a settlement up to that time, and it was found that Peters & Morrison

were largely indebted to the plaintiffs. On the next day, October 17, 1890, Peters & Morrison made and delivered a bill of sale of all the pine lumber belonging to them on their mill docks and in their mill yard at Menominee to the First National Bank of Menominee, the defendant in this case. The plaintiffs brought replevin, and took into their possession under the writ a large quantity of lumber piled on the mill docks of Peters & Morrison which had been sawed from these logs. A day or two thereafter Peters & Morrison made an assignment of all their property for the benefit of creditors. On the trial of the replevin suit the defendant waived return of the property, and under direction of the court had verdict and judgment for its value.

Plaintiffs bring error.

The only question presented for our consideration arises out of the following facts: It was conceded on the trial in the court below that the bill of sale upon its face conveyed the title to the property absolutely to the vendees, but it was claimed by plaintiffs that, before the time of its execution and delivery, it was understood and agreed between the parties that it should contain a stipulation reserving the title to all the property to the vendors; that the plaintiffs had purchased large quantities of these logs upon contract, leaving the title in their vendors, and that one of these contracts, called the "Pendleton Contract," was produced, which contained such a stipulation, and delivered over to Mr. Brown, who was to draw the contract between the parties, with direction to insert a clause therein, such as was in the Pendleton contract, reserving the title to all the property in the vendors; that on the next day the parties met, signed the contract, and, after it was signed, for the first time discovered that it did not contain this stipulation, but that it conveyed the property absolutely to Peters & Mor-

rison. Both the plaintiffs were present at this time, and noticed this omission, talked the fact over with Mr. Morrison, who represented the vendees, when Morrison—who was there drawing the notes specified in the contract—agreed that the contract should be treated as though it contained the stipulation agreed upon, such as set out in the Pendleton contract. The plaintiffs claim that they relied upon this promise, took the notes after they were executed, and delivered the logs in accordance with the contract. The court below permitted this proof, but finally struck it out, and directed the verdict for the defendant.

The contention here is that the agreement to consider this stipulation in the contract was made after the execution and delivery of the written contract, and that it is not to be treated as having been done as a part of one and the same transaction, and therefore does not fall within the rule that governs where oral agreements are set up to change or vary written instruments. We cannot agree with this contention. The giving of the notes by the vendees was a part of the contract. It is true that the plaintiffs' testimony showed that the contract as written had been signed and passed over to Mr. Morrison when this oral agreement is claimed to have been made, yet that was not the whole of the agreement between the parties. Something more was to be done before the contract was completed, and that was the giving of the notes. These notes were given there at that time; and the whole proceeding must be regarded as a part of one and the same transaction, and falling within the rule, which has been too often laid down to need citation of authority, that written instruments are not to be changed or varied by contemporaneous parol agreements. The

court below was not in error in directing the verdict. The judgment must be affirmed, with costs.

MORSE, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.