JAMES MORRISON V. STATE OF NEBRASKA.

FILED FEBRUARY 28, 1911.    No. 16,658.

1. **Burglary:** EVIDENCE. A defendant may be convicted of the crime of "burglary with explosives" upon circumstantial evidence alone. The evidence in this case is held to be sufficient to support the conviction.

2. ——: ——. In a trial for burglary, it is competent for the prosecutor to prove that an article found at the scene of the crime immediately after the burglary was discovered was the property of the defendant, and was sold to him shortly before the crime was committed. The party who sold the article to the

defendant, if otherwise qualified, is a competent witness for that purpose.

3. Criminal Law: EVIDENCE: ADMISSIBILITY. If the cashier of the bank burglarized testifies that she sold a draft to defendant at the bank shortly before the burglary, and that the draft which she produces at the trial is in her handwriting, and is the one that she so sold to defendant, an objection to receiving the draft in evidence on the ground that it is not sufficiently identified is properly overruled.

4. ———: ———: REVIEW. If photographs of the defendant and his supposed accomplices are produced at the trial of a criminal case and offered in evidence by the state and excluded by the court, it will not be presumed that the defendant was prejudiced thereby. No error on the part of the trial court can be predicated upon such a proceeding, unless it appears that objection was made at the time, and that there was some action or ruling of the court prejudicial to the defendant.

5. Burglary: INFORMATION: EVIDENCE. Upon an information which charges burglary with the use of explosives and that nitroglycerine was the explosive used, it is necessary to prove the use of explosives. The evidence in this case is found to be sufficient for that purpose, and also sufficient to prove that the explosive used was nitroglycerine.

6. ———: SENTENCE. The penalty for the crime of burglary with explosives prescribed by statute is imprisonment in the penitentiary for life, or for any term not less than 20 years. The defendant in this case has served a term in the penitentiary for burglary, and under the evidence a sentence of 30 years in the penitentiary will not be interfered with by this court.

ERROR to the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*H. F. Barnhart, M. H. Leamy* and *D. H. Sullivan,* for plaintiff in error.

*Arthur F. Mullen, Attorney General,* and *George W. Ayres, contra.*

SEDGWICK, J.

The defendant was convicted in the district court for Pierce county of the crime of burglary with explosives

under section 50a of the criminal code. He was sentenced to 30 years' imprisonment in the penitentiary, and has brought the case here for review.

The first complaint made is that the conviction is not warranted by the evidence. It appears from the record that the state attempted to prove that this defendant, together with one Joyce and another party, entered the Farmers & Merchants Bank of Hadar, in the town of that name, in Pierce county, on the night of the 19th of January, 1909, and opened the bank's safe by the use of explosives, and stole several hundred dollars of the money of the bank. Said Frank Joyce was also informed against and convicted of this alleged crime, and upon a review of the record this court affirmed the judgment of conviction. *Joyce v. State, ante,* p. 599. It appears from the opinion in that case that upon the trial the evidence more strongly implicated the defendant in the case at bar, and the conviction of the defendant Joyce in that case was sustained largely because of the evidence showing his association with the defendant Morrison, and also showing that the said Joyce participated with the said Morrison in perpetrating the crime. The evidence in both cases is entirely circumstantial, and is recited at some length in the opinion in the case of *Joyce v. State, supra.* Without repeating or discussing the evidence there recited, it is sufficient to say that we think that the verdict is amply supported.

The 19th of January of that year was Sunday, and on Saturday preceding this defendant was in the town of Hadar during the most of the day, and was twice in the bank that was burglarized, and was inspecting the tool house from which certain tools were taken to be used in the burglary, and was without any apparent business or purpose in the town of Hadar. To explain his presence in Hadar he testified that he was selling jewelry on the streets, and that he sold three several articles of jewelry in that town that day. His testimony upon this point is wholly unsupported, and no person to whom he sold or attempted to sell any jewelry appeared as a witness in his

behalf. The keeper of a rooming house in Norfolk, which is about five miles distant from Hadar, testified positively that these three parties stayed at his house in Norfolk during the night of the 18th, and that on Sunday evening, the 19th, they were still there until 8 or 9 o'clock; the theory of the state being that they went from Norfolk in the night to perpetrate the burglary. The defendant testifies that he came from Sioux City, Iowa, to Norfolk and Hadar, and that on Sunday morning, the 19th, he returned from Norfolk to Sioux City, and was there during Sunday and Sunday night. He brings several witnesses to corroborate him in this testimony. One witness, a Mrs. Fellman, testifies quite positively that she saw the defendant at Sioux City on Sunday evening, the 19th. She was, however, not acquainted with the defendant, never saw him before, and only saw him then two or three minutes in a company of seven or eight young men who were at that time drinking and carousing. The remaining witnesses who support the defendant in his evidence of an alibi are of very questionable character. One of them has been in the penitentiary for burglary; two others were saloon-keepers, or connected with saloons where the defendant and his associates spent considerable of their time; and, although their evidence is direct and positive, the jury were not compelled to believe their statements, contradicted as they were by witnesses known by the jury to be respectable and competent people.

There is some complaint made in regard to the manner in which the court submitted the question of an alibi to the jury. The usual instruction was given, and we have not discovered any error in that connection.

There was evidence that a knife was sold to the defendant in Hadar on Saturday before the burglary, and a similar knife was found in the bank immediately after the burglary was discovered. The dealer who sold the knife was allowed to testify that the knife found was the one sold by him to the defendant, and the knife was offered and received in evidence over the objection of the defend-

ant. This he complained of, but we do not find any error in this ruling. It was for the jury to determine whether the witness who identified the knife was competent to do so, and the force of this evidence was entirely for the consideration of the jury.

On the afternoon of Saturday before the burglary, the defendant bought a draft for $2 at the bank that was afterwards burglarized, and this draft was received in evidence over the objection of the defendant. The objection is that no sufficient foundation was laid. The cashier of the bank identified the draft, and testified that it was in her handwriting, and that she made it out and sold it to the defendant. This was a sufficient foundation, and there was no error in receiving it in evidence.

Several photographs were produced upon the trial and identified as the photographs of the defendant and of two supposed accomplices. These photographs were afterwards offered in evidence, but upon objection of the defendant they were excluded by the court. It was complained that producing them in court and exhibiting them to the jury was prejudicial to the defendant. We have not found that any objection was made at the time to this proceeding, or that the attention of the court was called to any possibility of prejudice to the defendant arising therefrom, and there is no reference in the brief to any such objection in the record. It is too late now to complain of a proceeding that was acquiesced in at the time, even if it should appear that the defendant was prejudiced thereby, which is not very apparent from this record.

It was necessary under this information to show that explosives were used in committing the burglary, and as the information alleges that the explosive used was nitroglycerine, it was thought necessary to introduce evidence of that fact. It is complained that the evidence is not sufficient to show that it was nitroglycerine that was used. A witness was examined to explain the nature and effect of nitroglycerine, and he described its properties and appearance. He had examined the premises, includ-

ing the vault and safe, after the burglary, and testified that from the things he had observed there he was able to testify what explosive was used, and that it was nitroglycerine. He also testified that nitroglycerine entered more or less into all explosives that were used in such work. This evidence was wholly uncontradicted, and we think that it was sufficient to support the information in this respect, even if it should be held necessary to make such proof, which we do not decide.

The defendant appears to be a professional. He has already served a term of imprisonment for burglary. The penalty prescribed by statute for this crime is imprisonment in the penitentiary for life, or for any term not less than 20 years, and under such a statute the sentence of 30 years in this case is not excessive.

We find no error in the record, and the judgment of the district court is

AFFIRMED.