ÆTNA INDEMNITY COMPANY, APPELLEE, v. JAMES MALONE
ET AL., APPELLANTS.

FILED MAY 6, 1911.   No. 16,409.

1. **Trusts:** CONSTRUCTIVE TRUSTS: STOLEN PROPERTY: JURISDICTION IN EQUITY. In a suit to declare and enforce a constructive trust with respect to stolen property, fiduciary relations between the parties are not essential to the jurisdiction of a court of equity.

2. **Injunction:** POLICE OFFICERS: MONEY TAKEN FROM BURGLARS. A court of equity may enjoin a police officer from transferring a fund taken by him from burglars who procured it by robbing a bank, and may restore it to the owner thereof.

3. **Trusts:** MONEY TAKEN FROM BURGLARS: EVIDENCE. In a suit to trace a stolen fund through burglars to a police officer who took it from them when they were prisoners, the allegations of the petition may be established by a preponderance of the evidence.

4. ———: ———: ———. Proof that a bank had been robbed of a certain sum of money, and that an identified silver dollar, taken by a police officer from burglars shortly after the bank had been robbed, their possession being unexplained, was a part of the money so stolen, when considered with surrounding circumstances, may sustain a finding that other money taken from the burglars at the same time and in the same manner was also a part of the money stolen from the bank.

5. **Appeal:** ADMISSION OF EVIDENCE. The admission of incompetent evidence is not reversible error in a case tried to a court without a jury, where the judgment rendered is sustained by other evidence properly admitted.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*E. C. Strode* and *Greene & Greene,* for appellants.

*Burkett, Wilson & Brown, contra.*

ROSE, J.

This is a suit to enjoin two police officers of the city of Lincoln from transferring money taken by them from burglars who procured it by robbing a bank, and to recover the fund thus taken on the ground that plaintiff had indemnified the bank against burglary, had paid the indemnity, and had succeeded to the rights of indemnitee. In addition to the police officers, the burglars were made defendants, and judgment against them for the full amount stolen was part of the relief demanded by plaintiff. In both particulars plaintiff prevailed, and defendants have appealed.

The petition states facts showing: Plaintiff is a Connecticut corporation duly authorized to indemnify banks against burglary and safe-blowing in Nebraska. For a number of years the Chapman State Bank has been transacting business under the laws of Nebraska, at Chapman, Merrick county. August 30, 1905, plaintiff indemnified the bank named against burglary. When the policy was in force November 27, 1905, burglars forcibly entered the bank, blew open a safe, and took $2,475 in cash, whereby plaintiff became liable to the bank for $2,000. The burglary was committed by defendants John Burke, Thomas Reiley and John Dorn, and they were arrested by police officers of Lincoln, December 2, 1905. While they were in custody defendant James Malone, city detective of Lincoln, and Philip H. Cooper, chief of police of Lincoln,

took from Burke $451.65, from Reiley $752.97, from Dorn $9.50. This money was taken from the bank when the burglary was committed, and is now in possession of Malone and Cooper. Afterward the prisoners were turned over to the sheriff of Merrick county. Later Burke and Reiley were convicted of the burglary and are serving terms in the penitentiary therefor. Plaintiff settled its liability for indemnity by paying the bank $2,000, and, pursuant to the terms of the policy, took from the bank an assignment of its right to the money in the hands of the police officers and of its claim against the burglars, who are insolvent. Malone and Cooper refuse to turn over to plaintiff the money in their hands, and will transfer it to others unless restrained by the court. In answering the petition, Malone and Cooper pleaded they were notified that the prisoners had assigned to their attorneys the money in controversy, and that Malone is entitled to retain $700 as an unpaid reward offered by plaintiff, if the money belongs to the latter. Defendants Burke and Reiley in their answer deny that plaintiff had authority to write indemnity against burglary in this state, deny that they took from the bank the money in controversy, and deny that it belonged to plaintiff by assignment or otherwise; but allege that the money was assigned to and is owned by their attorneys, and that it was not the sort of money or of the denominations lost by the bank at the time of the burglary. The reply to both answers was a general denial.

The first proposition argued by defendants relates to the nature of the case. Is it a suit in equity or an action at law? It was heard below without a jury, over the objection of defendants, and this is urged as error. The main purpose of the litigation, as shown by the petition, was to trace the stolen fund through the burglars into the hands of the police officers and restore it to the owner. It is alleged that the burglars are insolvent. The recovery of a judgment against them was consequently a secondary matter. They had in their possession only a

portion of the amount stolen, when searched, and as to that plaintiff was seeking redress by enjoining the policemen from transferring it to others and by establishing a constructive trust. In the petition there was no attempt to describe the particular denominations of money taken from the bank or found in the hands of the burglars or the police officers. There had been opportunity to change the currency into different items. Defendants were no less accountable because their possession grew out of a felony. Confidential relations are not essential to the jurisdiction of a court of equity to declare and enforce a trust with respect to stolen property. It may be traced through the thief into a different form of property and restored to the beneficial owner. In contriving means to cheat an owner out of his property, a thief should not be permitted to outstrip the courts in discovering a remedy to restore it when found. *Nebraska Nat. Bank v. Johnson,* 51 Neb. 546; *Newton v. Porter,* 5 Lans. (N. Y.) 416. The trial court treated the case as one in equity, and in doing so made no mistake. Having assumed jurisdiction for that purpose, it was properly retained for other purposes.

It is further argued that the money taken by the policemen from the burglars was not identified as the money taken from the bank at the time of the burglary, and that therefore there is no evidence to sustain the judgment of the trial court. The burglars procured the money in controversy by committing a felony. Evidence that they were guilty beyond a reasonable doubt was essential to their conviction in the criminal court; but, in a suit in equity to restore the stolen funds to the owner, plaintiff is only required to establish the allegations of the petition by a preponderance of the evidence. *Nebraska Nat. Bank v. Johnson,* 51 Neb. 546. Even in a criminal case a burglary may be shown by circumstantial evidence. *Morrison v. State,* 88 Neb. 682.

A silver dollar taken from the burglars by the police officers was described by the cashier of the bank as fol-

lows: "On Wednesday night prior to the robbery I rolled and placed in the safe some rolls of silver dollars. My attention was particularly called to a mutilated dollar which I rolled and put in the safe. On account of its bent condition, it would not go in the roll without bulging the ends of the paper roll, and at the time I noticed that the end of the roll was bulged. This mutilated dollar had three dents on one side of it near the edge, which bent it so it would not lay down close to another silver dollar. To the best of my knowledge it was bent on the eagle side of the dollar." By fair inference from the testimony this identical coin was traced from the bank to Malone through the burglars, in whose possession it was found shortly after the burglary had been committed. Their possession of the coin was not explained. In a prosecution for larceny, the unexplained possession by accused of a portion of the stolen property, shortly after the theft, when considered with all the evidence adduced at the trial, may be sufficient to sustain a finding that he stole the whole. *Thompson v. State*, 6 Neb. 102; *Palmer v. State*, 70 Neb. 136. The application of this principle to the present case leads to a holding that the judgment is supported by the evidence. The finding of the trial court will therefore be sustained.

Malone claims the right to retain $700 as a reward, but under the evidence he is not entitled thereto.

The principal argument was directed to the proposition that the record of the conviction of the burglars in the criminal case was erroneously admitted in evidence, but discussion of that question is unnecessary, since the evidence was sufficient without such proof, and prejudice will not be presumed from its admission, the case having been heard before the court without a jury.

Other questions are raised, but do not suggest a sufficient reason for a reversal.

AFFIRMED.

REESE, C. J., concurs in the result.

SEDGWICK, J., not sitting.