VANCE et al. v. HEATH et al.

No. 2348.   Decided December 31, 1912 (129 Pac. 365).

1. EVIDENCE—PAROL EVIDENCE—CONTRADICTING CONTRACT.   Where plaintiff entered into a written contract with defendant's tenant to erect a fence, ticket office, and seats, which implied an absolute sale of such improvements, parol evidence that plaintiff and the tenant, before executing the contract, orally agreed that title should remain in plaintiff until paid for was contradictory to the written contract, and hence inadmissible.[1]   (Page 153.)

2. APPEAL AND ERROR—BRIEFS—SPECIFICATION OF ERROR.   An assignment of error, not mentioned in the brief, will be deemed abandoned.[2]   (Page 155.)

---

[1] Groome v. Ogden City, 10 Utah, 54, 37 Pac. 90; McCornick v. Levy, 37 Utah, 134, 106 Pac. 660.

[2] Firman v. Bateman, 2 Utah, 268; Jenkins v. Min. Co., 24 Utah, 513, 68 Pac. 845; France v. Salt Lake & O. Ry. Co., 31 Utah, 302, 88 Pac. 1; Morris v. Salt Lake City, 35 Utah, 474, 101 Pac. 373; Railroad Co. v. Board of Education, 35 Utah, 13, 99 Pac. 263.

3. JUDGMENT—CONCLUSIVENESS—PENDING ACTION. Under Comp. Laws 1907, section 3490, providing that an action is pending until final determination on appeal, or until the time to appeal is passed, a judgment is not final before expiration of the time for appeal, and hence is not admissible in evidence to prove a material issue in another case. (Page 155.)

4. ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—OBJECTION HOW TAKEN. Under Comp. Laws 1907, section 2962, providing that defendant may demur to a complaint when it appears on the face thereof that there is another action pending, section 2966 providing that, when the objection does not appear upon the face of the complaint, it may be taken by answer, the pendency of another suit between the same parties or their privies, involving the same subject-matter, not appearing on the face of the complaint, to be available as an abatement of the action must be set up by answer. (Page 156.)

5. EVIDENCE—WEIGHT AND SUFFICIENCY—CIVIL ACTION—PREPONDERANCE OF THE EVIDENCE. In civil actions, one holding the affirmative of an issue, to entitle him to prevail, need only establish it by a preponderance of the evidence. (Page 157.)

APPEAL from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by George Vance and another against J. A. Heath and others.

Judgment for plaintiffs.   Defendants appeal.

REVERSED WITH DIRECTIONS.

*E. A. Walton* for appellants.

*Hurd & Hurd* for respondents.

STATEMENT OF FACTS.

The facts of this case are as follows:   On June 23, 1909, the defendants (hereafter referred to as Heath & Co.), who were in possession of certain real estate under a lease from the owner thereof, entered into a written contract with two Japanese (hereafter referred to as Masuya & Co.) whereby

they agreed to and did lease to Masuya & Co. a portion of the premises covered by their (Heath & Co.'s) lease. The contract is as follows:

"This contract and agreement made and entered into this 23d day of June, A. D. 1909, by and between Heath Bros., parties of the first part, and Herasaiod & Co., parties of the second part, both of Salt Lake City and County, State of Utah, witnesseth: That the parties of the first part do hereby lease unto the parties of the second part, for two nights per week, Monday and Thursday and Halday from date until the 20th day of September, 1909, the east one-third part of Lot 14, Block 22, Plat A, five acre, Big Field Survey, for the sum of $300 (three hundred dollars), payable $25 (twenty-five) weekly in advance, the parties of the second part agree to build a board fence around said grounds, also to build bleachers to seat the public, and are responsible for all damages and bills contracted by them. It is still further agreed that the said grounds can be leased or used by either parties on all remaining nights not specified, and that the profits shall be divided equally between both parties. It is hereby agreed and understood, that should the parties of the second part fail to live up to all agreements in this contract, same shall be void, and the grounds, together with all improvements, shall go to the parties of the first part; it is also agreed that should the parties fail to obtain a re-lease for the season of 1910, the parties of the first part agree to purchase all lumber used on the said grounds at fifty per cent. of the cost of new fences and benches."

This contract was signed by H. O. Heath and J. F. Heath, as parties of the first part, and by T. Masuya and G. W. Herasaiod, as parties of the second part, and was duly witnessed.

A few days after the execution of the foregoing contract, Masuya & Co. entered into a contract with the plaintiffs herein, Vance and Larsen (hereafter referred to as Vance & Co.), whereby it was agreed that Vance & Co. should build a fence, ticket office, and seats for Japanese polo grounds on

the premises leased by Masuya & Co. from Heath & Co. This contract, consisting of two writings, is as follows:

"Salt Lake City, June 28, 1909. Contract: It is hereby agreed between G. W. Vance & Co. and T. Masuya & Co. that said G. W. Vance & Co. contracts to build fence, ticket office and seats for Japanese polo grounds, to be built at the Salt Palace as follows: Build a fence 467 feet long and seven feet high, said fence to have two gates ten and five foot, respectively, and fence seven foot high shall be built behind the five foot gate, long enough to prevent seeing into ground when gate is open. Build seats around inside the above named fence as follows: Five rows of seats, each are to be two foot wide, each row to be built seventeen inches above the preceding row. Build a ticket office four feet wide, six feet long and seven feet high. Said ticket office to be built outside of above named fence. Also it is agreed that the said G. W. Vance & Co. shall complete above named seats—fence by July 1st, and shall complete and guarantee above named seats against collapse when occupied, by the evening of July 3d. G. W. Vance and Larsen. T. Masuya. G. W. Herasaiod."

"Salt Lake City, June 29, 1909. Agreement: It is hereby agreed between G. W. Vance & Co. and T. Masuya & Co., that said T. Masuya will pay the said G. W. Vance & Co. the sum of $850 for labor, lumber and all other material required in building the Japanese polo grounds, fence, seats, ticket office, etc., at the Salt Palace grounds. The above named amounts to be paid in the following installments: First payment, June 29, $100. Second payment, July 10, $100. Fourth payment, July 17, $100. Fifth payment, July 24, $100. Sixth payment, Aug. 7, $100. Seventh payment, Aug. 14, $100. Eighth payment, Aug. 21, $100. Ninth payment, Aug. 28, $50. G. W. Vance & Larsen. T. Masuya. G. W. Herasaiod."

Vance & Co. constructed the fence, ticket office, and seats mentioned in the contract in conformity with the specifications therein contained. The value of the lumber furnished and used by Vance & Co. in making the improvements was

$598. Masuya & Co. gave one performance on the polo grounds, and then permanently abandoned the premises and the improvements erected thereon by Vance & Co., and left for parts unknown. Before leaving they paid Vance & Co. $100 on the contract price of the improvements. No other payments were made. About July 31, 1909, Vance & Co. commenced taking down the improvements and removing the material and lumber of which they were constructed. Heath & Co. immediately commenced an action against Vance & Co. and Masuya & Co. to restrain them from removing or destroying any of the property in controversy. Vance & Co. were served with process, but no service was had on Masuya & Co. The case was therefore prosecuted against Vance & Co. only, who were ultimately enjoined from removing or destroying any of the property mentioned. Vance & Co. had succeeded, before they were enjoined, in removing from the premises several thousand feet of lumber. On February 3, 1910, Vance & Co. commenced this action against Heath & Co., and in their complaint alleged that Heath & Co. on or about July 31, 1909, converted to their own use about 15,500 feet of lumber belonging to Vance & Co. Heath & Co. answered, denying the ownership of Vance & Co., and alleged that they were the owners of the lumber (property in controversy), and by way of counterclaim alleged that Vance & Co. on the 31st day of July, 1909, unlawfully trespassed upon the premises mentioned and tore down a portion of the improvements thereon to their damage in the sum of $400. A trial was had to a jury, which resulted in a verdict for plaintiffs in the sum of $445. To reverse the judgment rendered on the verdict, defendants Heath & Co. have appealed to this court.

McCARTY, J. (after stating the facts as above).

Respondents, Vance & Co., were permitted, over timely objections made by Heath & Co.'s counsel, to introduce oral evidence tending to show that respondents, a few days before the execution of the written contract between them and Masuya & Co., which contract is set forth in the foregoing

statement of facts, entered into an oral contract with the same parties, Masuya & Co., whereby it was agreed that the title to the property in controversy should remain in the respondents until paid for in full. Respondents seek to defend the rulings of the court in admitting this testimony on the ground that the contract under which the improvements in question were made was partly oral and partly in writing, and that the oral provisions of the contract, to which the parol testimony referred, were not in conflict with the part reduced to writing. Upon the other hand, appellants contend that the writing itself constituted "a perfect and complete contract," the terms of which the oral evidence in question tended to vary and contradict. We think this latter contention is sound. While the writing does not in express terms so provide, it nevertheless imports an absolute sale of the property in question to Masuya & Co. (*Dixson v. Blondin,* 58 Vt. 689; 5 Atl. 514; *Finnegan v. Shaw,* 184 Mass. 112, 68 N. E. 35; *Thomas et al. v. Scutt,* 127 N. Y. 133, 27 N. E. 961.)

The parol evidence tended to change the transaction from an absolute to a conditional sale. The admission of this testimony was therefore error. It violated and was in derogation of the well-established and universally recognized rule that a valid written instrument cannot be abridged, enlarged, varied, or contradicted by parol evidence. Page, in his excellent work on Contracts, section 1189, says:

"If parties to a contract have reduced it to writing, they must intend such writing to be the repository of their common intention. It merges all prior and contemporaneous negotiations. Accordingly a contract in writing, complete on its face, cannot be contradicted by extrinsic evidence, nor can prior or contemporaneous parol agreements be used to contradict the written contract, *so as to substitute for the intention therein expressed, that expressed in such oral agreements.*" (Italics ours.)

And in section 1191 the author says:

"In an action on a written contract, complete in itself, the validity of which is conceded, the parties are not permitted to show that their prior or contemporaneous oral agreements were not all

reduced to writing, but remain as oral contracts in full force and effect between the parties. This rule applies as well where the intention of the parties is completely embodied in two written contracts instead of one."

And again in section 1192 the author says:

"Extrinsic evidence is inadmissible to contradict the intention of the parties as expressed in a written contract by showing a prior or contemporaneous oral agreement contrary to the written agreement. Thus extrinsic evidence is inadmissible to show . . . that, under a written contract of sale, title was really reserved by the vendor."

The following are a few of the many authorities that illustrate and declare this doctrine: 17 Cyc. 596-598; *Cook v. Nat. Bank,* 90 Mich. 214, 51 N. W. 206; *Engelhorn v. Reitlinger et al.,* 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548; *Harrison v. McCormick,* 89 Cal. 327, 26 Pac. 830, 23 Am. St. Rep. 469; *R. M. Davis Photo Stock Co. v. Photo Jewelry Mfg. Co.,* 47 Colo. 68, 104 Pac. 389; 19 Ann. Cas. 540; *Groome v. Ogden City,* 10 Utah, 54, 37 Pac. 90; *McCornick v. Levy,* 37 Utah, 134, 106 Pac. 660; *Barry-Wehmiller Mach. Co. v. Thompson,* 83 Ark. 283, 104 S. W. 137; *Housekeeper Pub. Co. v. Swift,* 97 Fed. 295, 38 C. C. A. 187, citing many cases.

Appellants offered in evidence, as tending to prove title in themselves to the property, the complaint, answer, and decision of the court in the cause hereinbefore referred to, in which the respondents were enjoined from removing or destroying any of the property in controversy. The decision of the court in that cause, which was filed but a few days before it was offered in evidence, recited, among other things, "that neither of said defendants, Larsen or Vance (plaintiffs and respondents herein), had any title or right of possession to said property." The judgment was not pleaded in abatement of, nor as a bar to, the action. In fact, no reference whatever was made to it in either the complaint or answer. Objections were made to the admission in evidence of the judgment roll or any part thereof in that cause on the

ground that it had not been pleaded, and on the further ground that the judgment was not final, as the time for appeal had not expired. The court sustained the objections. Appellants then moved the court to permit them to amend their answer by pleading in general terms the judgment. The purpose of the amendment, so they claimed, was to enable them to introduce in evidence the judgment roll to prove title in themselves to the property. The court denied the motion. These rulings are assigned as error.

Appellants have not discussed, or even mentioned, in their brief the assignment of error directed to the order of the court denying their motion to amend, hence it is deemed abandoned, (*Firman v. Bateman,* 2 Utah, 268; *Jenkins v. Min. Co.,* 24 Utah, 513, 68 Pac. 845; *France v. S. L. & O. Ry. Co.,* 31 Utah, 302, 88 Pac. 1; *Railroad v. Board of Education,* 35 Utah, 13, 99 Pac. 263; *Morris v. S. L. City,* 35 Utah, 474, 101 Pac. 373), and we shall not consider it.

It is urged, however, that the court erred in refusing to admit in evidence the judgment roll. The ruling of the court excluding the judgment roll was right. The judgment was not pleaded, nor was it, at the time it was offered in evidence, final. The title to the property was the question or thing that was being litigated. It was the issue upon which the entire case hinged and the judgment, had it been admitted, would have been conclusive as to that issue, and would have operated as a bar to the action. Therefore, even though the amendment had been allowed, the judgment, under these circumstances, would not be admissible for the purposes for which it was offered, namely, to show title in appellants to the property in controversy. Under the California statute, from which ours is taken, it has been held that a judgment is not conclusive as to the matters therein adjudicated until it becomes final. (*Harris v. Barnhart,* 97 Cal. 546, 32 Pac. 589; *Murray v. Green,* 64 Cal. 363, 28 Pac. 118; *Naftzger v. Gregg,* 99 Cal. 83, 33 Pac. 757, 37 Am. St. Rep. 23. See Freeman on Judgments, 328.)

Comp. Laws 1907, sec. 3490, which was copied literally from the California statute (3 Kerr's Cyc. Codes of Cal. 1049), provides that "an action is deemed to be pending from the time of its commencement until its final determination upon an appeal or until the time for appeal has passed, unless the judgment is sooner satisfied." Clearly, under the statute, the action referred to was pending at the time the action at bar was commenced and at the time the judgment roll was offered in evidence.

Comp. Laws 1907, sec. 2962, so far as material here, provides that "the defendant may demur to the complaint within the time required in the summons to answer, when it appears upon the face thereof . . . (3) that there is another action pending between the same parties for the same cause." Section 2966 provides that, "when any matters enumerated in section 2962 do not appear upon the face of the complaint, the objection may be taken by answer." Under the foregoing provisions of the statute, the pendency of another suit between the same parties or their privies and involving the same subject-matter, when not appearing on the face of the complaint to be available to the party seeking to invoke it as an abatement to the action, must be pleaded in the answer. Note 22 to section 1049, 3 Kerr's Cyc. Codes of Cal., contains the following clear and succinct statement of what we think is the correct rule:

"Where time for appeal has not expired, judgment is ineffectual as evidence in plea of former adjudication, and pendency of former action may be pleaded in abatement until judgment becomes final, when supplemental answer averring proper facts in bar of action would be in order, and proceedings in action are admissible in proof of such plea in abatement"—

citing *Harris v. Barnhardt, supra.* (See, also, 1 Ency. Pl. & Pr. 838, and volume 21, same work, 47.)

We do not wish to be understood as holding that a judgment in a case which, under our statute, is still pending, under some circumstances, may not be admissible in evidence to prove some facts therein adjudicated. Upon that point we express no opinion. What we do hold is that a judgment,

before it becomes final, is not admissible in evidence as a bar to the action. Nor is it admissible where, as in this case, it would operate as a bar.

The court, among other things, charged the jury that, "Before the defendants (appellants) can recover on their counterclaim, they must prove, to your satisfaction beyond a reasonable doubt, all the facts upon which they rely for a recovery," etc. Appellants excepted to this instruction and assign the giving of it as error. That the instruction was erroneous and prejudicial is too plain to admit of serious discussion. In civil actions all that is, or that can legally be, required of a party who asserts the affirmative of an issue raised by the pleadings to entitle him to prevail on such issue is that he establish such affirmative allegations by a preponderance of the evidence.

The judgment is reversed, with directions to the lower court to grant a new trial and to permit appellants by supplemental answer to plead the judgment rendered in the former suit as a bar to this action, should they be so advised. Costs of this appeal to be taxed against respondents.

FRICK, C. J., and STRAUP, J., concur.