## SCHRAMM-JOHNSON DRUGS v. KLEEB et al.

No. 2962.   Decided November 28, 1917.   (169 Pac. 161.)

1. TRUSTS—CONSTRUCTIVE TRUST—STOLEN PROPERTY—EVIDENCE. To establish a trust in money received by H. from K., as part of that stolen by K. from plaintiff, the particular pieces of money need not be identified, but it is enough that among those taken by K. there is enough of each kind to make up those received by H. from K. (Page 163.)

2. JUDGMENT—RES JUDICATA—PENDENCY OF APPEAL. Judgment of city court is not res judicata pending appeal therefrom to district court, entitling both parties to trial de novo on the issues.[1] (Page 164.)

3. WITNESSES—COMPETENCY—CERTAINTY OF KNOWLEDGE. That a witness is not absolutely certain defendant was the person with whom he had a conversation does not warrant exclusion of his testimony in respect thereto, but merely goes to its weight. (Page 164.)

Appeal from District Court of Salt Lake County, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by the Schramm-Johnson Drugs against Harry W. Kleeb and another.

Judgment for the plaintiff. Defendant appeals.

---

[1] *Vance* v. *Heath,* 42 Utah 148, 129 Pac. 365.

AFFIRMED.

*E. A. Walton* and *J. W. Rozzelle* for appellant.

*Howat, Marshall, MacMillan & Nebeker* for respondent.

GIDEON, J.

In this action plaintiff seeks to recover from the defendant Harry W. Kleeb the value of certain money and checks amounting to $1,575.77 claimed to be the property of plaintiff. The complaint alleges that said defendant Kleeb wrongfully, and without the consent of plaintiff, took such money and checks from the possession of the plaintiff on or about August 30, 1914, and that part of the money so taken, to wit, $495.69, thereafter was, on or about the month of November, 1914, delivered to and passed into the possession of the defendant Homer. The answer of defendant Homer admits the possession of $495.69 and admits that he received the same from his codefendant Kleeb, but upon information and belief states that he does not know whether the same is part of the property belonging to plaintiff and so taken from plaintiff by Kleeb. The answer of defendant Kleeb denies the taking, and also denies the right of the plaintiff to any of the property in the possession of Homer. As a separate and further defense defendant Kleeb alleges that the matters in issue in this action had been adjudicated in the city court of Salt Lake City in an action commenced by him on or about the 20th day of April, 1915, against his codefendant Homer for the possession of said sum of $495.69, in which action the plaintiff herein intervened and filed a complaint in intervention and among other things, alleged the wrongful taking by Kleeb of the money and checks mentioned in the complaint and also the ownership and the right to the possession of the particular money, namely, $495.69 in the custody of Homer, and that upon the trial of the issues in that case before such city court the defendant Kleeb was adjudged to be the owner and entitled to the said property in the custody of Homer, and that judgment was

entered by said city court to that effect.  Upon the issues thus made, this case was tried in the district court to a jury.  Upon the verdict of the jury plaintiff was given judgment against Kleeb in the sum of $1,486,27.  The jury in its findings found that $391.29 of the money in the hands of Homer was part of the money taken by Kleeb from the plaintiff.  Upon that verdict and finding the trial court entered judgment against Kleeb for the amount found by the jury, and, as against Homer, that he pay the said $391.29 to plaintiff and that said amount should be credited upon the principal judgment found against Kleeb. From that judgment, and the refusal of the court to grant a new trial, the defendant Kleeb presents the case to this court on appeal.

The record discloses that plaintiff is engaged in the drug business in Salt Lake City and operates and owns numerous stores, which are designated by numbers; that among its places of business plaintiff has a store on Main street known as No. 5; that Kleeb was a professional pharmacist and had been employed by plaintiff for some eight or nine months prior to August 30, 1913, and at least part of the time he had been employed at store No. 5 as a drug clerk and knew the combination of the safe located therein.  The record further discloses that about four or five days prior to August 30, 1914, Kleeb quit the employ of the plaintiff and apparently was arranging to leave Salt Lake City; that during Saturday, August 29, 1914, he called at the store in question, also at other places of business of the plaintiff, and had conversation with certain employees who were his acquaintances, and advised them that he was leaving town that evening.  It is further disclosed that, during the week after severing his relationship with plaintiff, Kleeb received the salary due him and disposed of certain belongings, consisting of the furnishings of his room, and withdrew a small amount of money from the bank.  It appears that Kleeb did not leave town on the evening of the 29th, but registered under the name of H. W. Kreel at the Semloh Hotel in Salt Lake City, and was known to be around that hotel about the hour of 1 o'clock a. m. on the morning of the 30th; that from that time on until about seven o'clock of the same morn-

ing he was not seen by any one who testified in the case. It was further made to appear that the employees in store No. 5 closed that place of business about the hour of one o'clock on the morning of the 30th, and that none of said employees were there again until about five o'clock that same morning; that during the intervening time the store was entered, the safe unlocked, and the property in question in this suit taken therefrom. The record also shows that Kleeb left Salt Lake City on Sunday morning at about seven o'clock, went to Ogden, Utah, remained there during the day, purchased a railroad ticket to San Francisco, and was preparing to board the train in the evening of that day when he was arrested. It further appears that the officers arresting him found in his possession $355 in gold, $135 in currency, and $5.65 in small change— silver and pennies. It also appears that Kleeb was brought to Salt Lake City, given a preliminary hearing, was bound over to the district court, and tried and acquitted in that court on a charge of burglary.

The money taken from Kleeb at the time of his arrest was kept by the officers and was put in evidence at the burglary trial. It was then turned over to the defendant Thomas Homer as the clerk of the district court where said burglary trial was had. At the termination of the criminal trial, the judge made an order directing said clerk to deliver to Kleeb the money in his hands which he had received as herein stated. That was not done, and suit was instituted in the city court of Salt Lake City by Kleeb against Homer to recover that amount. In that suit plaintiff herein intervened and made claim to the money as alleged in Kleeb's answer in this action. Trial was had in the city court which resulted in a verdict for Kleeb, and from that judgment an appeal was taken to the district court of Salt Lake County. That appeal was pending in that court and had not been disposed of at the date of the institution of this action, nor at the date of the trial of this action in the district court.

Much testimony was taken at the trial of this action respecting the amount of money left in the safe located in said store No. 5 at the time of closing on the morning of August 30, 1914;

also, as to the kind and denominations of the gold and of the currency. No one was able to definitely identify any of the money found on Kleeb as any part of the money left in said store No. 5 at the time of closing that store on August 30, 1914. Kleeb offered proof as to the amount of money he had at that time and attempted to account for it and explain the sources from which he had received it. The testimony of other witnesses also showed that Kleeb was seen to have had rolls of currency and different amounts of gold in his possession during Saturday, August 29, 1914, but no one was able to definitely state the amount that he was known to have at that time.

Numerous assignments of error are made, but for the purposes of this opinion they may be grouped under three general heads: (1) Failure of plaintiff to identify any of the property in the possession of Homer as the property taken from plaintiff's store on August 30, 1914; (2) the exclusion of certain evidence and the admission of other evidence during the trial of the action; (3) erroneous instructions by the court in submitting the questions to the jury.

It would serve no good purpose here to attempt to review the testimony tending to identify the property in the possession of Kleeb at the time of his arrest as being the property that was taken from the plaintiff's store. In our opinion that question becomes immaterial if it is determined, as it was determined in this case by the jury, that Kleeb, on the night in question, took from plaintiff's store the money and other property which it is alleged in the complaint that he did take against the will of the plaintiff. In addition, there is ample testimony in the record, not to identify the particular coins, but to establish the fact that there was sufficient gold coins of the denominations found in the possession of Kleeb in the store at the time of closing on the morning of August 30, 1914, to make up the amount in Kleeb's possession. The same may be said as to the currency. As stated, that becomes immaterial in view of the jury' findings and the court's judgment thereon.

The principal objection as to the introduction of testimony

is that the court erred in excluding the record then in the district court in the case on appeal from the judgment of the city court in which Kleeb was plaintiff, Homer was defendant, and plaintiff Schramm–Johnson Company intervener. That action, as stated, had never been tried in the district court either at the time of instituting this suit or at the trial thereof. It was therefore, under the ruling of this court in *Vance* v. *Heath,* 42 Utah, 148, 129 Pac. 365, immaterial to prove any allegation of the answer for the reason that the judgment therein was not then a final judgment. Under the authority of *Vance* v. *Heath,* the district court did not err in excluding the proffered testimony. In the action instituted by Kleeb in the city court, the only question at issue was the ownership of the $495.69 in the custody of Homer. Here the plaintiff asks for a judgment for the full value of the property wrongfully taken from the plaintiff by Kleeb and seeks in the same action to impress this particular fund with a trust for the protection of the rightful owner thereof, the plaintiff herein, as found by the jury. The appeal from the city court to the district court entitled both parties to a trial de novo upon the issues involved in the action, and therefore the judgment entered therein by the city court was not res adjudicata of any of the questions involved here. On the question of the trust relationship between the possessor of property wrongfully taken and the owner thereof, see *Pioneer Min. Co.* v. *Tyberg,* 215 Fed. 501, 131 C. C. A, 549, L. R. A. 1915B, 442.

The plaintiff urges that the district court erred in admitting a witness, one Hathenbruk, to testify as to a conversation had between him and Kleeb on the train going from Salt Lake City to Ogden on the morning of August 30, 1914, concerning the departure of trains from Ogden, for the reason that the witness was unable to definitely identify Kleeb as the man with whom he had such conversation. The witness testified, referring to Kleeb, that the man with whom he had the conversation looked like Kleeb and described the clothes the man had on; also, stated that on that same day, in the evening, inquiry had been made of him as to whether he had seen any

such person as Kleeb, describing him; and that from that conversation he concluded that the man with whom he had had the conversation on the train was the man sought by the party who made the inquiry. The witness, however, had not seen the man since August 30, 1914, still, as he looked at Kleeb from the witness chair, he expressed himself as feeling confident that the defendant was the man with whom he had had the conversation on the train. The fact that the witness was not absolutely certain as to whether Kleeb was the same man with whom he had had the conversation would not authorize the exclusion of the testimony nor make it immaterial. It would only go to the weight that should be given by the jury to his testimony.

There are other errors assigned concerning the admissibility of testimony, but from an examination of the record it is apparent that the admission of such testimony was not prejudicial to the defendant.

The errors assigned respecting instructions of the court to the jury and the failure to give requested instructions are sufficiently answered by the foregoing.

From a somewhat careful examination of the entire record in this case we are satisfied that the jury was not only justified in the findings contained in the verdict, but that such findings are supported by the great preponderance of the evidence. In that regard we remark that we approve the statement made by the Nebraska court in the case of *Ætna Indemnity Co. of Hartford, Conn.,* v. *Malone,* 89 Neb. 260, 131 N. W. 200, namely:

"In contriving means to cheat an owner out of his property, a thief should not be permitted to outstrip the courts in discovering a remedy to restore it when found."

It follows from the foregoing that the judgment of the district court should be affirmed. Such is the order. Appellant to pay costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.