YOUNG et ux. v. HANSEN et ux.

No. 7426.   Decided May 16, 1950.   (218 P. 2d 674.)

See 50 C. J. S., Judgments, sec. 623. Res judicata as to judgment in the hearing in the appellate court, see note, 81 A. L. R. 712. See, also, 30 Am. Jur. 40.

*Gaylen S. Young,* Salt Lake City, for appellants.

*Leonard W. Elton,* Salt Lake City, for respondents.

LATIMER, Justice.

This is a companion case to *Young* v. *Hansen,* 117 Utah 591, 218 P. 2d 666, this day decided. The facts alleged in the case are substantially the same as those alleged in the other cause. The only difference is that after the trial court entered judgment in the companion suit this action was commenced on the theory that a partnership had existed between the parties, that the same was terminated, and that an accounting was necessary to establish the respective interests. Respondents, by answer, raised the question of res judicata. The trial court sustained the plea of respondents, dismissed the cause, and appellants appeal from the ruling and judgment of dismissal.

We are reversing the judgment of the court below in this matter as the plea of res judicata is not well taken and the court erred in so holding. In the cases of *State Bank of Sevier* v. *American Cement & Plaster Co.,* 80 Utah 250, 10 P. 2d 1065; *Vance* v. *Heath,* 42 Utah 148, 129 P. 365; and *Schramm-Johnson Drugs* v. *Kleeb,* 51 Utah 159, 169 P. 161, this court held that a judgment is not final pending appeal and hence not admissible as a bar to another action. Mr. Justice Folland, speaking for the court in the case of *State Bank of Sevier* v. *American Cement and Plaster Co.,* supra, stated as follows:

"It is the rule in this state that an action is pending until final determination on appeal, or until the time to appeal is passed (Comp.

Laws Utah 1917, § 7220), and a judgment is not final before the expiration of the time of appeal, and hence is not admissible in evidence for the purpose of showing title to property in controversy or as a bar to another action between the same parties, *Vance* v. *Heath,* 42 Utah 148, 129 P. 365; 2 Freeman on Judgments, 1528; 2 Cal. Jur. 412; * * *." [80 Utah 250, 10 P. 2d 1069]

The rule is particularly applicable in this instance as we have reversed the trial court in what we shall designate as the first cause. If the rule were otherwise, the plaintiff who succeeded in the first suit would be denied the fruits of that victory by a holding in a second suit that he had been afforded his day in court and lost.

The judgment is reversed. Costs to appellant.

PRATT, C. J., and WADE and McDONOUGH, JJ., concur.