Robert CHAVEZ and Jeffrey
Homer, Plaintiffs,

v.

Lawrence MORRIS, et al., Defendants.

No. C81–0941A.

United States District Court,
D. Utah, C.D.

Feb. 11, 1983.

William W. Downes, Jr., Salt Lake City, Utah, for plaintiffs.

Douglas C. Richards, Salt Lake City, Utah, for defendants.

## ORDER DISMISSING COMPLAINT

ALDON J. ANDERSON, Chief Judge.

This case is a civil rights action filed *in forma pauperis* by two Utah State Prison inmates. The complaint, filed December 22, 1981, alleges that plaintiffs were denied rights of due process in connection with disciplinary proceedings at the prison arising out of a stabbing of an inmate.

Plaintiffs' counsel has moved for summary judgment on the issue of liability only. Defendants have also moved for summary judgment. At oral argument before the magistrate, to whom the matter was referred on January 13, 1982, it was disclosed that plaintiffs had filed a petition for habeas corpus in the Third Judicial District Court for Salt Lake County. Consequently, on August 11, 1982, the court sent a letter to counsel expressing a concern that a ruling in this court on the merits of the case might violate the spirit of the Supreme Court's decision in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The court requested counsel to prepare memoranda "analyzing the impact, if any, of *Preiser* and its progeny, as well as what options are available to the court in regard to the staying or dismissing of these proceedings until the state courts have fully addressed plaintiffs' habeas petition." Both counsel have responded to that request. In addition, the state court has rendered judgment on the habeas petition, which plaintiffs have appealed to the Utah Supreme Court. As a result of the state court judgment, defendants have requested in their response to the plaintiffs' supplemental memorandum that the case be dismissed on the grounds of res judicata. The court will treat this request in defendants' memorandum as a motion to dismiss.

After reviewing the memoranda submitted, the authorities, and the file in this case, the court has concluded that the case is not barred by res judicata, but the cause sued upon essentially challenges the duration of confinement and thus falls under the *Preiser* proscription. The suit must therefore be dismissed without prejudice for failure to exhaust state remedies.

## I. RES JUDICATA

Essentially the same issues raised in this case have been raised in the state habeas corpus proceedings. Defendants claim that the judgment entered in the state trial court on these issues precludes this court from determining these issues anew.

The United States Supreme Court has concluded that federal courts are "to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The State of Utah gives preclusive effect under the doctrine of res judicata only to final judgments. *Bernard v. Attebury,* 629 P.2d 892 (Utah 1981). A Utah State court judgment is not final while an appeal is pending or until the time to appeal has expired. *Young v. Hansen,* 117 Utah 607, 218 P.2d 674 (1950). Since plaintiffs have filed an appeal from the judgment in their state habeas proceeding, that judgment is not final and cannot have preclusive effect on this case.

## II. DISMISSAL UNDER *PREISER*

In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that when a state prison-

er, in a civil rights action under 42 U.S.C. § 1983, challenges the fact or duration of his imprisonment and seeks immediate release or speedier release as relief, his sole federal remedy is habeas corpus, which is subject to the requirement of exhaustion of state remedies. A year later the Court held that claims seeking damages under § 1983 are, of course, not the proper subject of a habeas petition and thus may go forward in federal court while immediate or speedier release is sought in state proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Though the Fifth Circuit has gone beyond the *Wolff/Preiser* holding to rule that a case, even if it includes a claim for damages, must be treated as a habeas petition if it seeks a holding which would undermine the validity of a disciplinary or other action,[1] the Tenth Circuit has clearly not followed that direction. The Tenth Circuit cases have held that a prisoner may seek damages for a constitutional violation under § 1983 even if he may appropriately seek release in state proceedings for the same violation. *Parkhurst v. Wyoming,* 641 F.2d 775 (10th Cir.1981); *Henderson v. Secretary of Corrections,* 518 F.2d 694 (10th Cir.1975); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir.1975).

 The question for this court, then, in determining whether these proceedings should be stayed or dismissed, is whether plaintiffs are challenging the fact or duration of their confinement, seeking as relief immediate or speedier release. To the extent that they are, their claims must be considered habeas claims which must be dismissed pending exhaustion of state remedies.[2] To the extent that they are merely seeking damages for their alleged constitu-

tional deprivations, their claims may be considered by this court without requiring exhaustion of remedies in the state proceedings.

Plaintiffs' complaint demands five forms of relief: (1) an injunction ordering defendants to remove from plaintiffs' records at the Utah State Prison all records of the allegedly unconstitutional disciplinary hearing; (2) a declaratory judgment that the disciplinary hearings were in violation of plaintiffs' rights of equal protection and due process of law; (3) a damage award of one thousand dollars for each day plaintiffs are incarcerated subsequent to their dates of release in November, 1981; (4) a punitive damage award of one hundred thousand dollars; and (5) attorney's fees, costs, and other appropriate relief.

 The essence of plaintiffs' claim is a challenge to the duration of their confinement. The crux of the complaint is that "[a]s a result of the Disciplinary Committee's decision, the Board of Pardons of the State of Utah rescinded the release date[s]" of the plaintiffs. Complaint at ¶ 17 and ¶ 30. The relief requested is consistent with that challenge, and for all practical purposes, seeks the release of the plaintiffs. The removal of the disciplinary proceedings from plaintiffs' records may very well shorten the time of their imprisonment, for there would no longer be a disciplinary action upon which the rescission of the November, 1981 release dates could be based. The damages of $1,000 per day of confinement beyond their original release dates, practically speaking, are a means of coercing the state to shorten the time of their confinement. The claim for declaratory

---

**1.** *Richardson v. Fleming,* 651 F.2d 366 (5th Cir. 1981); *Courtney v. Reeves,* 635 F.2d 326 (5th Cir.1981); *Keenan v. Bennett,* 613 F.2d 127 (5th Cir.1980); *Johnson v. Hardy,* 601 F.2d 172 (5th Cir.1979).

**2.** Normally, a § 1983 claim which falls under *Preiser* must be treated as a habeas claim and be dismissed if state remedies are not exhausted. However, the Tenth Circuit, following the lead of the Fifth Circuit, has held that if dismissal could bar future litigation of money damage claims under § 1983 because the stat-

ute of limitations may have run by the time the state proceeding is concluded, the federal court may stay the proceedings rather than dismissing the claim. *Parkhurst v. Wyoming,* 641 F.2d 775 (10th Cir.1981), *citing Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976). In this case, since the plaintiffs' status as prisoners will toll any limitation under the relevant state statute, dismissal would not be improper. *See* Utah Code Ann. § 78–12–36–(3) (1977 Replacement Vol. 9A); *Brown v. Bigger,* 622 F.2d 1025 (10th Cir.1980).

judgment, too, would work to shorten the time of incarceration, for it would nullify the disciplinary proceedings and reinstate the original release dates. The claim for punitive damages is intimately tied to the other claims.[3] Hence the prayer of the complaint, though not specifically and directly seeking release, has as its practical objective and result the immediate or speedier release of the plaintiffs. The court concludes that the complaint therefore falls under the rule in *Preiser* and must be dismissed pending exhaustion of remedies in the state courts.

 Furthermore, if the issues presented were tried in this court, any damages awarded would flow from the very fact of unconstitutional administrative proceedings. Such an action would necessarily determine the validity of the state proceedings presently before the state supreme court. "This would frustrate the spirit, if not the letter, of *Younger v. Harris* [401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669], which bars federal court interference with on-going state criminal proceedings." *Parkhurst v. Wyoming,* 641 F.2d 775, 777 (10th Cir. 1981) (citation omitted). Though *Younger* and *Parkhurst* involved the validity of state court convictions, the comity considerations applied there are not limited to such circumstances. *Preiser,* 411 U.S. at 491, 93 S.Ct. at 1837. They apply with equal force in cases involving the validity of state prison administrative proceedings. *Id.* As a matter of comity, therefore, this court should refuse to consider the plaintiffs' money damages claims while their habeas claims based on the same alleged constitutional violations are under review by the state courts.

Based on the above conclusions, the complaint should be dismissed. Since this is not an adjudication on the merits of the claim, it is without prejudice.[4]

Accordingly,

IT IS HEREBY ORDERED that the complaint be dismissed without prejudice.

---

**3.** In addition, "[p]rocedural due process violations are not normally a basis for punitive damages awards," S. Nahmod, Civil Rights and Civil Liberties Litigation § 4.10 (1979), though they may be under certain aggravating circumstances. *Simineo v. School District No. 16,* 594 F.2d 1353 (10th Cir.1979). However, from the complaint it appears unlikely that plaintiffs have stated a claim of sufficiently aggravating circumstances such as "a reckless indifference to the property rights of others, ill will, a desire

to injure or malice." *Silver v. Cormier,* 529 F.2d 161 (10th Cir.1976).

**4.** Of course, if the Utah Supreme Court determines that no violations of plaintiffs' constitutional rights have occurred in connection with the claims presented, the doctrine of res judicata or collateral estoppel may preclude relitigation of the same issues by this court. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).