641 F.2d 775
 Derrick Raymond PARKHURST, Plaintiff-Appellant,
v.
STATE OF WYOMING, the Honorable George P. Sawyer, Ruth
Black, Steve Shannahan, John Holtz, Dr. James Booker, Dallas
Laird, Russell Hineman, Louis Dekmar, Howard Herr, Donn
Anderson, James Wright, Charles Widick, Wade Allen Dugger,
Christina Baird-Tanner, Defendants-Appellees.*
 No. 80-1561.
 United States Court of Appeals,
Tenth Circuit.
 May 11, 1981.
 
 Derrick Raymond Parkhurst, pro se.
 James W. Owens and R. Patrick Dixon of Murane & Bostwick, Casper, Wyo., for defendants-appellees Blake, Laird, Widick, Hineman, Holtz and Dekmar.
 Gay Vanderpoel, Asst. Atty. Gen., the State of Wyoming, for defendants-appellees the State of Wyoming and the Honorable George P. Sawyer.
 Before SETH, Chief Judge and PICKETT and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of an action brought pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 2241 and 2254. The trial court construed all the claims as lying in habeas corpus and denied relief for failure to exhaust state remedies under 28 U.S.C. § 2254. We affirm in part and reverse in part.
 
 
 3
 The gist of appellant's complaint is that he was illegally arrested and searched, falsely imprisoned, and convicted of first degree murder and assault and battery by the use of perjured testimony. By way of relief he sought (1) his release, (2) a new trial (absent illegally seized evidence) or an injunction against retrial, and (3) money damages for the alleged constitutional violations leading to the conviction.
 
 
 4
 As to the first two requests for relief, these are clearly challenges to the fact of his confinement and are cognizable only by way of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Appellant states in his complaint that his direct criminal appeal is presently pending before the Wyoming Supreme Court. We thus conclude he has not yet exhausted state remedies challenging his conviction as required by § 2254.
 
 
 5
 Appellant's money damage claim seeks a remedy other than release from confinement and is not cognizable in a habeas action. But the Supreme Court has held that this difference in remedy between a habeas claim and a § 1983 claim does not ipso facto preclude their joinder in a single lawsuit. See Wolff v. McDonnell, 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974). If the habeas claim happens to fail for lack of exhaustion, a claim properly brought under § 1983 may nevertheless proceed while exhaustion runs its course in state proceedings. Id. See also Henderson v. Secretary of Corrections, 518 F.2d 694, 695 (10th Cir. 1975).
 
 
 6
 This case presents a somewhat different situation than either Preiser or Wolff. In Preiser, the inmates sought an injunction requiring restoration of good time credits, thereby shortening their terms of confinement. In Wolff, the damages and injunctive claims were directed at certain conditions existing at the prison itself. See Wolff v. McDonnell, 418 U.S. at 543, 94 S.Ct. at 2968. Here, on the other hand, appellant is seeking money damages that might flow from the very fact of unconstitutional convictions. Such damages may well be recoverable in a § 1983 claim, but the difficulty is that appellant's alleged constitutional violations, except perhaps the alleged perjured-testimony conspiracy, are now apparently pending before the Wyoming Supreme Court as part of the direct criminal appeal. Thus, were the district court to rule on the § 1983 claim in this case, it would necessarily call into question the validity of the state conviction presently before the state supreme court. This would frustrate the spirit, if not the letter, of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which bars federal court interference with on-going state criminal proceedings. See Guerro v. Mulhearn, 498 F.2d 1249, 1251-55 (1st Cir. 1974); accord, Landrigan v. City of Warwick, 628 F.2d 736, 743-44 (1st Cir. 1980); Fulford v. Klein, 529 F.2d 377 (5th Cir. 1976), aff'd on rehearing en banc, 550 F.2d 342 (5th Cir. 1977); Mastracchio v. Ricci, 498 F.2d 1257 (1st Cir. 1974), cert. denied, 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975). See also Rimmer v. Fayetteville Police Department, 567 F.2d 273, 275-76 (4th Cir. 1977); Derrow v. Shields, 482 F.Supp. 1144 (W.D.Va.1980). As a matter of comity, therefore, the district court correctly refused to consider appellant's money damages claim during the pendancy of appellant's direct criminal appeal.[1]
 
 
 7
 In ruling on appellant's claims, the Wyoming Supreme Court may well determine that no violations of appellant's rights, either state or federal, have occurred in connection with the very claims here presented. If so, under McCurry v. Allen, -- U.S. --, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the doctrine of collateral estoppel would preclude relitigation of the same issues by the federal district court. See also Spence v. Lating, 512 F.2d 93 (10th Cir.), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); Mastracchio v. Ricci, 498 F.2d at 1259-61; Brown v. DeLayo, 498 F.2d 1173 (10th Cir. 1974).
 
 
 8
 The district court's dismissal of the entire complaint at this juncture, however, could bar future litigation of appellant's money damages claim because the statute of limitations applicable under 42 U.S.C. § 1983 to this kind of claim may have run by the time the state proceeding is concluded. See generally Spiegel v. School Dist. No. 1, Laramie County, 600 F.2d 264, 266-67 (10th Cir. 1979). We favor the Fifth Circuit's approach in Fulford, supra, to solving this problem. That court vacated the dismissal and remanded the matter for reconsideration in light of the applicable state statute of limitations. Accord, Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979). As the court in Fulford recognized, appellant's status as a prisoner may toll the statutory limitation period under the relevant state statute, in which event dismissal would not be improper. See Fulford v. Klein, 529 F.2d at 382. Nor is the district court necessarily precluded from considering alternative permissible grounds for dismissal (e. g., judicial immunity) as to some or all the named defendants. However, if any of appellant's claims cannot be so disposed of, the district court should consider whether the money damage claims should be held in abeyance or stayed, rather than dismissed, pending the disposition of the direct criminal appeal by the Wyoming Supreme Court.
 
 
 9
 Accordingly, insofar as the action seeks release or injunctive relief, the district court's judgment is affirmed. Also affirmed is the court's dismissal of the state of Wyoming as an improper party to the § 1983 action. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). As to the request for money damages, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. The mandate shall issue forthwith.
 
 
 
 [1]
 Some courts tend to speak of "exhausting state remedies" when deferring consideration of § 1983 claims in cases such as appellant's. See, e. g., Fulford v. Klein, 529 F.2d at 380-81. Such deferral, however, should be distinguished from "exhaustion of state remedies" in the sense of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (judicial), or Patsy v. Florida Int'l Univ., 634 F.2d 900 (5th Cir. 1981) (en banc) (administrative). In cases such as Monroe and Patsy, there were no state criminal proceedings running parallel to a § 1983 claim filed in federal court