David Wayne RINGENBERG, Plaintiff,

v.

Mr. J. D. COX, Warden, Mr. T. D. Hutto, Director, Mr. Joseph B. Hinchey, Records & Classification, Defendants.

Civ. A. No. 81–1044–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Oct. 21, 1981.

David Wayne Ringenberg, pro se.

## MEMORANDUM ORDER

CLARKE, District Judge.

Plaintiff, a state prisoner, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is GRANTED, and the Complaint is ORDERED filed. The Court's jurisdiction is based upon 28 U.S.C. § 1343.

Plaintiff contends that the defendants have miscalculated his date for parole eligibility. In his Complaint, plaintiff relates that another inmate received a parole hearing six months before plaintiff, even though the other inmate was sentenced to an identical term of confinement at nearly the same time as plaintiff. Alleging that the defendants have thus deprived him of his right to equal protection, plaintiff requests a recomputation of his parole eligibility date and compensatory damages.

■ Because successful prosecution of plaintiff's claim for injunctive relief might result in a reduction of plaintiff's period of confinement, the Court must treat the claim as a request for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973). The statute governing the habeas petitions of state prisoners requires the exhaustion of all state remedies before a federal court can entertain such claims. *See* 28 U.S.C. § 2254(b). The instant Complaint nowhere reveals, however, that plaintiff has pursued and exhausted his state remedies. Accordingly, the Court ORDERS plaintiff's request for a recomputation of his parole eligibility date DISMISSED.

The question whether plaintiff may prosecute his claim for monetary damages under § 1983, without exhausting state remedies, presents a more difficult problem. In *Preiser v. Rodriguez*, the Supreme Court expressly rejected the argument that state prisoners could evade the exhaustion requirement of the habeas statute by denominating a claim as a request for equitable relief under § 1983. *See generally* 411 U.S. at 489–90, 93 S.Ct. at 1836. The Court concluded, accordingly, that a writ of habeas corpus was the sole federal remedy for state prisoners challenging the fact or duration of their incarceration. *See id.* at 500, 93 S.Ct. at 1841.

The *Preiser* Court suggested in dicta, however, that a state prisoner could bring a damages action under § 1983 without exhausting state remedies. The Court reasoned that a request for monetary damages could proceed under § 1983 because a damages claim did not attack the fact or length of confinement. *See id.* at 494, 93 S.Ct. at 1838. Subsequently, in *Wolff v. McDonnell*, the Supreme Court approved the *Preiser* dicta. Writing for the majority, Justice White reaffirmed the view that state prisoners need not exhaust available state remedies before requesting declaratory or monetary relief under § 1983. *See* 418 U.S. 539, 554, 94 S.Ct. 2963, 2973, 41 L.Ed.2d 935 (1974).

Since the issuance of the *Preiser* and *Wolff* opinions, lower federal courts have endeavored to reconcile the "no exhaustion" requirement under § 1983 with the exhaustion requirement under the habeas statute, 28 U.S.C. § 2254(b). These courts have noted that allowance of certain claims under § 1983 will permit a state prisoner to circumvent the exhaustion requirement of § 2254(b) by relying on the doctrine of res judicata. *See Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981); *Rimmer v. Fayetteville Police Dep't.*, 567 F.2d 273, 275 (4th Cir. 1977). *See also Wolff v. McDonnell*, 418 U.S. at 554 n.12, 94 S.Ct. at 2974 n.12.

Federal courts have further observed that circumvention of the exhaustion requirement serves to undermine the interests in comity and federalism that the habeas statute aims to promote. *E.g., Preiser v. Rodriguez*, 411 U.S. at 489–90, 93 S.Ct. at 1836; *Parkhurst v. Wyoming*, 641 F.2d at 777; *Derrow v. Shields*, 482 F.Supp. 1144, 1148–49 & n.8 (W.D.Va.1980). For this reason, the Fifth Circuit Court of Appeals has determined that habeas corpus, with its accompanying exhaustion requirement, is the exclusive cause of action for a prisoner who challenges the fact or duration of his incarceration. *See Keenan v. Bennett*, 613 F.2d 127, 129 (5th Cir. 1980); *Johnson v. Hardy*, 601 F.2d 172, 173–74 (5th Cir. 1979).

Although the Fourth Circuit has not addressed this issue, a federal court for the Western District of Virginia has approved the holdings of the Fifth Circuit opinions. In *Derrow v. Shields*, the district court concluded that

> habeas corpus, with its attendant exhaustion requirement, is the exclusive initial cause of action where the basis of the plaintiff's claim goes to the *fact* or *duration* of his confinement, whereas challenges to *conditions* of confinement may proceed under section 1983 without any requirement of exhaustion of state judicial remedies. We further hold that courts should be governed by these classifications irrespective of the relief sought or the label placed by the petitioner upon such action.

482 F.Supp. at 1148 (emphasis in original).

■ Reviewing the relevant cases and considering the interests in comity and federalism, this Court accepts the reasoning of the Fifth Circuit and the district court in *Derrow v. Shields*. To hold otherwise, this Court would encourage resort to § 1983 as a means to circumvent the habeas requirements and thus diminish the prerogatives of state courts. Accordingly, the Court ORDERS the Complaint DISMISSED.

Should the plaintiff desire to appeal the judgment of this Court, written notice of appeal must be filed with the Clerk of this Court within thirty (30) days of the date of this Order.

The Clerk is DIRECTED to send a copy of this Order to the plaintiff.