675 F.2d 184
 William SELTZER, Appellant,
v.
John ASHCROFT, George Peach, Jim Seitz, Michael Hart, James
J. Gallagher, Clayborn Jones, Lucille Jones,
Charles Finley, III, James Strauder and
Donald Wyrick, Appellees.
 No. 81-1740.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 1, 1982.
Decided April 7, 1982.
 
 William Seltzer, pro se.
 John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellees.
 Before HEANEY, ROSS and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Seltzer was convicted in Missouri state court of assault and was sentenced to twenty-five years imprisonment in the state penitentiary.
 
 
 2
 On April 8, 1981, Seltzer commenced an action in the United States District Court against the above-named defendants for actual and punitive damages.[1] He alleged, in substance, that the defendants had conspired to obtain his conviction through the use of perjured testimony and had denied him a speedy trial. He alleged violations of 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, 1986, 1988, and the Civil Rights Act of 1871.
 
 
 3
 The district court dismissed the action on July 14, 1981. The court held that to the extent the complaint could be read as a petition for writ of habeas corpus, it lacked merit because an appeal from his conviction was pending in state court. It further held that if the action were to be construed as a suit for damages for violation of Seltzer's civil rights, which it clearly was, then the action was barred by the doctrine of collateral estoppel under Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Seltzer appeals.
 
 
 4
 The Attorney General has filed a brief on behalf of the State of Missouri. The state takes the position that dismissal on the ground of collateral estoppel is improper until Seltzer's conviction becomes final and that that will not occur until after the appellate procedures have been exhausted. See State v. Blevins, 425 S.W.2d 155, 159 (Mo.1968). It also states that under Missouri law the statute of limitation for section 1983 actions is not tolled during the period of time that an individual is incarcerated. It then concludes:
 
 
 5
 As the statute of limitations would not appear to be tolled during plaintiff's incarceration, he might not be able to file any further actions due to the statute of limitations if his conviction is ultimately reversed on appeal. Therefore, under Parkhurst v. State of Wyoming, (641 F.2d 775 (10th Cir. 1981)) the proper course of action would appear to be a remand to the District Court to stay the current § 1983 action pending the disposition of plaintiff's criminal conviction on appeal, and examine whether the circuit attorney's office should be dismissed (and it is strongly believed that they should be dismissed) on the grounds of absolute prosecutorial immunity under Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); see also White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1980); and compare Parkhurst v. State of Wyoming, supra at 777. The District Court should also examine whether any alternative grounds for dismissal exists for claims against state witnesses, and if none are found, the current civil rights action should be stayed while plaintiff's conviction is appealed.
 
 
 6
 We accept the state's suggestion and remand to the district court with directions to it to reinstate the action and to determine the matter in the manner suggested by the state. This suggestion is consistent with our opinion in Franklin v. Webb, 653 F.2d 362 (8th Cir. 1981).
 
 
 7
 We also grant the motion to dismiss this proceeding as to the State of Missouri for the reason that the state is not a proper party to the action. See Aubuchon v. State of Missouri, 631 F.2d 581, 582 (8th Cir. 1980).
 
 
 8
 Reversed and remanded as detailed herein.
 
 
 
 [1]
 The plaintiff subsequently withdrew the action as to Judges James Gallagher and Michael Hart because of their immunity to suit, and as to John Ashcroft and Donald Wyrick for the reason that they did not participate in the conspiracy