Morris B. MYERS, Plaintiff–Appellant,

v.

Regnal W. GARFF, Jr., David L. Wilkinson, and Michael F. Skolnick, Defendants–Appellees.

No. 87–1569.

United States Court of Appeals,
Tenth Circuit.

May 30, 1989.

Royal K. Hunt, Salt Lake City, Utah, for plaintiff-appellant.

Stephen J. Sorenson, Asst. Atty. Gen., Utah Attorney General's Office, Salt Lake City, for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff Morris B. Myers appeals from the dismissal of his claims against Regnal W. Garff, a Utah Juvenile Court judge; David L. Wilkinson, the Utah Attorney General; and Michael F. Skolnick, an Assistant Utah Attorney General.[1] The issues on appeal are (1) whether the district

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the cause is ordered submitted without oral argument.

court properly concluded that defendant Judge Garff is immune from liability for damages in this case, and (2) whether the district court properly abstained from deciding plaintiff's remaining claims under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We affirm in part and reverse in part.

### Facts

The facts leading to this appeal are undisputed. On November 19, 1981, the Juvenile Court of Salt Lake County, State of Utah, entered an order requiring that guardianship of plaintiff's son be transferred to the Utah State Division of Youth Corrections and that the son be placed in a suitable treatment facility. About three years later, the Utah Attorney General's office filed a petition with the Juvenile Court to receive contribution from plaintiff for support and other expenses incurred by the state in caring for plaintiff's son.

After plaintiff failed to appear for a scheduled hearing on the matter, defendant Judge Garff entered a money judgment against plaintiff for $1,650. Judge Garff then entered an order directing plaintiff to appear on January 30, 1986 and to show cause why he should not make payments to the state for the care of his son. Plaintiff failed to appear at the January 30, 1986 hearing, and Judge Garff entered a bench warrant for plaintiff's arrest.

On March 30, 1986, plaintiff attended a hearing before Judge Garff. Defendant Skolnick, an Assistant Attorney General, appeared at the hearing on behalf of the state. After hearing testimony from plaintiff, Judge Garff issued an order directing plaintiff to pay off the $1,650 judgment through supervised community service to be credited at the rate of $5 per hour of work. Judge Garff also directed plaintiff to appear before the Juvenile Court on July 17, 1986 so that the court could review plaintiff's compliance with the court's order. Plaintiff did not appear on July 17, 1986, and Judge Garff entered another bench warrant for his arrest on July 22,

1986. Plaintiff was arrested and jailed on July 30, 1986.

Plaintiff then brought suit in the district court against Judge Garff, Utah Attorney General Wilkinson, and Assistant Attorney General Skolnick pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 1994. He sought damages, declaratory and injunctive relief, and attorney's fees. In his complaint, plaintiff alleged that defendants had subjected him to peonage, had violated his rights of due process and equal protection under the Fourteenth Amendment, and had violated his right to be free from involuntary servitude under the Thirteenth Amendment.

On January 28, 1986, the district court entered partial summary judgment as to all claims for damages against defendant Judge Garff, based upon the doctrine of judicial immunity. On March 4, 1987, the district court dismissed the remaining claims without prejudice under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. *See Myers v. Garff*, 655 F.Supp. 1021 (D.Utah 1987).

### Discussion

#### A. Judicial Immunity

■ We agree with the district court that Judge Garff is immune from liability for damages in this case. *See, e.g., Van Sickle v. Holloway*, 791 F.2d 1431, 1434–35 (10th Cir.1986). Plaintiff's citation of *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), is unavailing. That case merely held that judges do not have absolute immunity for decisions that they make while acting in a non-adjudicatory capacity, such as personnel decisions. 108 S.Ct. at 545–46. Here, plaintiff complains of decisions that Judge Garff made while he was acting in his judicial capacity.

#### B. Younger Abstention

The district court dismissed plaintiff's remaining claims without prejudice under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We affirm in part and reverse in part.

■ We affirm the district court's dismissal of plaintiff's equitable claims under the *Younger* abstention doctrine for substantially the reasons set forth in the district court's opinion. *See Myers v. Garff,* 655 F.Supp. 1021, 1024–25 (D.Utah 1987). Abstention is proper in cases such as this one that involve "processes by which the State compels compliance with the judgments of its courts." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 13–14, 107 S.Ct. 1519, 1527, 95 L.Ed.2d 1 (1987). *See also Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (district court should have abstained from enjoining civil contempt proceedings).

■ However, we reverse the district court's dismissal of plaintiff's damage claims against defendants Wilkinson and Skolnick. Although the *Younger* abstention doctrine may require a federal court to withhold action on damage claims in certain circumstances,[2] the district court at most should have *stayed* rather than dismissed those claims because they cannot be redressed in the pending state proceedings. *See Deakins v. Monaghan,* 484 U.S. 193, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988) ("the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding"); *Parkhurst v. State of Wyoming,* 641 F.2d 775, 777 (10th Cir. 1981). Therefore, we reverse the dismissal of the damage claims against defendants Wilkinson and Skolnick and remand for the district court to stay federal proceedings on those claims pending the conclusion of the state proceedings. *See Ballard v. Wilson,* 856 F.2d 1568, 1572 (5th Cir.1988).[3]

Of course, we express no view on the merits of those claims.

In summary, we AFFIRM the district court's dismissal of all claims for monetary relief against defendant Judge Garff; we AFFIRM the dismissal without prejudice of plaintiff's claims for injunctive and declaratory relief; and we REVERSE the district court's dismissal of plaintiff's claims for monetary relief against defendants Wilkinson and Skolnick and REMAND for reinstatement of those claims and for further proceedings consistent with this opinion.

---

**2.** The Supreme Court has explicitly left open the question of whether the *Younger* doctrine applies to damage claims. *Deakins v. Monaghan,* 484 U.S. 193, 108 S.Ct. 523, 529, 98 L.Ed.2d 529 (1988); *Juidice v. Vail,* 430 U.S. 327, 339 n. 16, 97 S.Ct. 1211, 1219 n. 16, 51 L.Ed.2d 376 (1977). The circuits are divided on the issue. *Compare Feaster v. Miksch,* 846 F.2d 21, 24 (6th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 148, 102 L.Ed.2d 120 (1988) and *Mann v. Jett,* 781 F.2d 1448, 1449 (9th Cir.1986) *with Bishop v. State Bar of Texas,* 736 F.2d 292, 295 (5th Cir.1984).

**3.** It is not clear from the record on appeal whether the state proceedings are still ongoing.

If the judgment at issue is final and the state has concluded its enforcement proceedings relating to that judgment, then there would be no reason to stay proceedings on plaintiff's damage claims. *See generally Steffel v. Thompson,* 415 U.S. 452, 462, 94 S.Ct. 1209, 1217, 39 L.Ed.2d 505 (1974) ("[T]he relevant principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding.'") (quoting *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 508, 92 S.Ct. 1749, 1756, 32 L.Ed.2d 257 (1972)).