989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim HOUSLEY, Petitioner-Appellant,
v.
Larry WILLIAMS, and the Attorney General of the State of
Oklahoma, Respondents-Appellees.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Charles GOODWIN, Dennis Smith, Defendants-Appellees.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Waldo EMERSON, Luther Cowan, Assistant Attorney General,
Defendants-Appellees.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Larry BURROWS, Triad Drilling, Jim Newman, Deputy Sheriff,
Louis Flowers, Deputy Sheriff, Blue River Construction
Company, Monty Smith, Luther Cowan, Assistant District
Attorney, Lowry Smith, Larry Williams, Defendants-Appellees.
Jim R. HOUSLEY, Petitioner-Appellant,
v.
WASHITA COUNTY DISTRICT COURT, John Wampler, Respondents-Appellees.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Larry SCHREINER, Defendant-Appellee.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA, Defendant-Appellee.
Jim R. HOUSLEY, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA, Defendant-Appellee.
 Nos. 92-6110, 92-6113, 92-6190, 92-6189, 92-6119, 92-6212,
92-6115 and 92-6191.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1993.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 These two habeas petitions and six civil rights actions arise out of three separate Oklahoma state criminal proceedings. On March 27, 1987, the appellant, Jim R. Housley, was arrested in Tillman County, Oklahoma and charged with concealing stolen property. Although he was eventually acquitted of this offense, he claims that his property was never returned.
 
 
 2
 The appellant was subsequently arrested for driving under a suspended license in Custer County, Oklahoma. On or about October 4, 1990, following a jury trial, he was sentenced to six months in jail. Custer County Case No. CRM-90-238. He was released on bond pending an appeal, but his appeal was never perfected.
 
 
 3
 On September 7, 1991, while free on bond, the appellant was arrested and charged with drug trafficking, possession of drug paraphernalia, and possession of stolen property. Washita County Case No. CRF-91-48. His appeal bond was revoked. On December 16, 1991, a preliminary hearing was held pursuant to these charges in Oklahoma state district court. At the time that the actions before us were filed, there had been no trial.
 
 
 4
 In Appeal No. 92-6110 the appellant contests the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition in which he objected to the revocation of his appeal bond issued in conjunction with his Custer County conviction.[1] The district court correctly held that failure to perfect his appeal on the underlying conviction renders him ineligible for release on appeal bond. According to Okla.Stat. tit. 22, § 1058 (1986), an appeal bond is available only when an appeal is taken. Further, "if the appeal is not perfected as provided by law, the defendant may be surrendered by the sureties to the proper authorities for the execution of the sentence." Id. In this case, the appellant failed to perfect his appeal on the underlying conviction and accordingly is not entitled to habeas relief regarding the repeal of his appeal bond.
 
 
 5
 In Appeal No. 92-6189, the appellant objects to the dismissal of his civil rights claims under 42 U.S.C. §§ 1983, 1985(3) and 1986 brought against a judge and assistant district attorney for Custer County, Oklahoma.[2] The district court correctly held that the judge and prosecutor were immune from suits for their actions with respect to the revocation of the appeal bond, the denial of counsel for the repeal proceedings, and the presentation of witnesses. Judicial officers are entitled to absolute immunity for actions taken in their official capacities. Dennis v. Sparks, 449 U.S. 24, 27 (1980) (judges); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (judges); Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976) (prosecutors). Furthermore the appellant's § 1985(3) claim must fail because his complaint does not allege any racial or class-based discriminatory animus as is required under Griffen v. Breckenridge, 403 U.S. 88, 102 (1971). Finally, the appellant's claims under § 1986 must fail because there can be no liability for failing to prevent a civil rights conspiracy where there is no valid claim of conspiracy under § 1985. Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir.1977).[3]
 
 
 6
 In Appeal No. 92-6115, the appellant contests the dismissal of his 42 U.S.C. §§ 1983 and 1985(3) complaints against the judge and assistant district attorney for illegal arrest, false imprisonment and imprisonment without arraignment arising out of a charge that the appellant was a fugitive from justice.[4] The district court correctly held that the judge and prosecutor were immune from suit because they were acting in their official capacities. See Dennis, 449 U.S. at 27; Stump, 435 U.S. at 356-57; Imbler, 424 U.S. at 420-29.[5] Furthermore the appellant's § 1985(3) claim must fail because he does not allege any racial or class-based discriminatory animus as is required under Griffen v. Breckenridge, 403 U.S. 88, 102 (1971).
 
 
 7
 In Appeal No. 6113, the appellant contests the dismissal without prejudice of his 42 U.S.C. § 1983 complaint against various officials and private parties that alleged that on September 7, 1991, he was the subject of an illegal search and seizure, an illegal arrest and an improper indictment. The district court accurately concluded that this action was not properly before the court because the criminal proceeding was still pending before the Oklahoma state courts. At the time this action was filed a preliminary hearing had been held in the state court; however, there had been no trial on the merits. A federal court may not enjoin a pending state criminal proceeding. 28 U.S.C. § 2254(b)(c); Younger v. Harris, 401 U.S. 37 (1971); Parkhurst v. State of Wyoming, 641 F.2d 775, 777 (10th Cir.1981). The district court properly abstained from consideration of the merits and dismissed the suit without prejudice.
 
 
 8
 In Appeal No. 92-6119, the appellant objects to the dismissal without prejudice of his § 2254 habeas petition which alleged that he was the subject of an illegal search and seizure, an illegal arrest and an improper indictment arising out of his arrest on September 7, 1991.[6] These are essentially the same claims raised in Case No. 92-6113. They were also properly dismissed without prejudice because of the pending state court proceedings. See Younger, 401 U.S. 37.
 
 
 9
 In Appeal No. 92-6191, the appellant contests the dismissal of his civil rights claims brought under 42 U.S.C. §§ 1983, 1985(3), and 1986. The underlying claim alleged that the defendant, an employee of the company which issued the appellant an appeal bond, defrauded the appellant, issued him an improper bond,[7] and conspired to inflict cruel and unusual punishment and wrongful imprisonment on him. The appellant failed to state a claim under § 1983 because he failed to show how the bondsman, a private economic actor, acted under color of state law. In addition, the appellant failed to allege facts sufficient to find that the defendant acted in conspiracy with a state actor. Hammond v. Bales, 843 F.2d 1320, 1323-24 (10th Cir.1988). A finding of joint action does not necessarily compel the conclusion that there was a conspiracy or collusive action. The appellant's § 1985(3) claim must fail because he does not allege any racial or class-based discriminatory animus as is required under Griffen v. Breckenridge, 403 U.S. 88, 102 (1971). Finally, the appellant's is not entitled to relief under § 1986 because there can be no liability for failing to prevent a civil rights conspiracy where there is no valid claim of conspiracy under § 1985. Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir.1977).
 
 
 10
 In Appeal No. 92-6190, the appellant contests the dismissal of his 42 U.S.C. §§ 1983, 1985(3) and 1986 claims brought against the state of Oklahoma arising out of the appellant's arrest and prosecution for driving under a suspended license. In Case No. 92-6212, the appellant complains that his claims for damages against the state of Oklahoma arising out of his arrest and prosecution for concealing stolen property should not have been dismissed.[8] The district court properly dismissed the claims in both of these actions as proscribed by the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).[9] Further, the appellant's § 1983 claims in Case No. 92-6212 were properly found to be barred by the Oklahoma statute of limitations.[10] See Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir.1988) (holding that Oklahoma's two-year statute of limitations applies to § 1983 actions).
 
 
 11
 Accordingly, we AFFIRM the orders of the district courts in Case Nos. 92-6110, 92-6189, 92-6115, 92-6113, 92-6119, 92-6191, 92-6190, and 92-6212.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The appellant's request to proceed in forma pauperis is granted
 
 
 [2]
 The appellant's request to proceed in forma pauperis is granted
 
 
 [3]
 The appellant has also filed an "Affidavit Pursuant to Title 28:144--Bias or Prejudice of Judge" asserting essentially that because U.S. district court judge Luther Bohanon has previously ruled against the appellant he should be removed from this case. Ignoring the procedural defects of this request, we agree with the district court's conclusion that the affidavit fails to establish bias which would require Judge Bohanon to remove himself from the case. See United States v. Grinnell, 384 U.S. 563, 583 (1966); United States v. Bray, 546 F.2d 851, 857-59 (10th Cir.1976)
 
 
 [4]
 The appellant contends that sometime in late 1991 he was illegally arrested and falsely imprisoned in Oklahoma for being a fugitive from Justice in Texas. He further contends that he was held in jail for one month, during which time he repeatedly requested an arraignment, and that he was never charged with this crime. Apparently the charges were dropped on January 16, 1992
 
 
 [5]
 The appellant contends that the Oklahoma state judge and assistant district attorney acted beyond their jurisdiction because they incarcerated him for being a fugitive from justice in Texas. He asserts that the officials only had power in Oklahoma over Oklahoma crimes. Even though the appellant alleges that the district attorney and judge were acting beyond their jurisdiction, that does not negate the fact that the judge and attorney were still acting in their official capacities. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (immunity extends to erroneous and malicious actions as well as to actions taken outside authority). In fact, in response to a question in the complaint regarding color of state law, the appellant wrote "Emerson was acting in his official capacity as asst. Judge," and "Cowan was acting as asst. Dist. Attorney for Washita Co." Complaint at 1, 2
 
 
 [6]
 The appellant's request to proceed in forma pauperis is granted
 
 
 [7]
 The appellant claims that the defendant illegally used appearance bond forms rather than appeal bond forms. This assertion does not amount to a Constitutional claim and is therefore not appropriate for review under habeas corpus. See Brown v. Allen, 344 U.S. 443, 464, 478 (1963)
 
 
 [8]
 The district court in Case No. 92-6212 also determined that the appellant had failed to inform the court of prior related appeals and that he had filed duplicative claims. Accordingly, the district court placed restrictions on the appellant's right to file claims in forma pauperis
 The district court determined that the appellant had filed a total of 17 habeas petitions and civil rights claims between July 18, 1988 and April 30, 1992. Further, 11 of those actions were filed in 1992. Many of these claims and petitions asserted the same violations and concerned the same events. In addition, the appellant consistently failed to fully disclose the existence of related claims as required in the complaint. For these reasons we agree with the district court's opinion that the appellant has abused the judicial process and affirm the restrictions adopted in its order of June 4, 1992. See Ketchum v. Cruz, 961 F.2d 916 (10th Cir.1992); Tripati v. Beaman, 878 F.2d 351 (10th Cir.1989).
 
 
 [9]
 Further, a state is not a person for purposes of Section 1983 liability. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)
 
 
 [10]
 The alleged violations in Case No. 92-6212 occurred in 1987 while the action was not brought until April 30, 1992. Oklahoma Stat. tit. 12, § 95(3) establishes a two year statute of limitations for "injury to the rights of another, not arising out of contract, and not hereinafter enumerated."