**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAN ROBERTS,

     Plaintiff-Appellant,

v.

STEVE P. CHILDS; WILLIAM F.
LYLE, Jr., Judge; RENO COUNTY,
KANSAS; STEVEN BECKER, Judge;
PATRICIA MACKE-DICK, Judge;
RICHARD ROME, Judge; D.
STEWART OSWALT, deceased;
ANDREW L. OSWALD; DAVID E.
ROBERTS; DAVID KURT; ELLEN
G. NEUFELD; RENO COUNTY LAW
LIBRARY BOARD OF TRUSTEES,

     Defendants-Appellees.

No. 97-3108
(D.C. No. 96-CV-1355)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Appellant Dan Roberts, appearing *pro se*, appeals the dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

According to his First Amended Complaint, filed January 22, 1997, Mr. Roberts is currently charged with "cultivation of marijuana," a state offense, and is awaiting prosecution in Reno County District Court.  Mr. Roberts apparently is not in custody and has been appointed a public defender to represent him on the charge.  He alleged in his amended complaint he is being denied effective assistance of counsel as his assigned public defender "can hardly be expected to provide effective assistance of counsel," when he is "burdened with fifty (50) cases to handle."  He further alleged he is being denied his right to represent himself *pro se* through denial of access to the county law library.  Finally, Mr. Roberts claims denial of access to the county law library has deprived him of equal protection of the laws under the Fourteenth Amendment.  He seeks compensatory and punitive damages in addition to equitable relief.

On defendants' motions, the district court dismissed Mr. Roberts' complaint against all defendants in well-written orders filed January 28, 1997 and March 25, 1997. The district court held insofar as Mr. Roberts' complaint seeks equitable relief concerning his right to effective assistance of counsel, the right to represent himself, or his right of access to the court in the state criminal matter, it must abstain from exercising jurisdiction under the *Younger v. Harris*, 401 U.S. 37 (1971), doctrine. *Younger* and its progeny hold that absent extraordinary circumstances creating a threat of great and immediate irreparable injury, a federal court is prohibited from interfering with ongoing state criminal proceedings. *Id*. at 45; *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981).

Insofar as Mr. Roberts seeks monetary damages stemming from the alleged ineffective assistance of counsel or denial of the right to represent himself, the court held such claims unactionable under § 1983 unless and until Mr. Roberts is convicted on the pending criminal charge and that conviction is later invalidated on those grounds. The court further held denial of access to the county law library to a person not in state custody and represented by counsel does not amount to a denial of access to the courts as guaranteed by the Fourteenth Amendment. Finally, the court held Mr. Roberts failed to allege an equal

protection claim under circumstances where he was allowed access to the county law library if accompanied by his appointed counsel, and where access restrictions are rationally related to legitimate purposes such as protecting library resources from theft and collecting user fees to maintain the library. For these reasons, the district court dismissed Mr. Roberts' damages claims for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

We have carefully reviewed the briefs and the record on appeal. Finding no error, we **AFFIRM** the district court's dismissal of Mr. Roberts' complaint for substantially the same reasons set forth in the district court's order filed January 28, 1997.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge