**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

MARK ALAN STREPKA,

    Plaintiff-Appellant,

v.

GREG MILLER, So. Metro Task;
SCOTT JONES, So. Metro Task;
KELLY MARTIN, So. Metro Task; C.
KLOPPENBERG, So. Metro Task; J.
GORDANIER, So. Metro Task;
OFFICER COLLINS, So. Metro Task;
JERRY ROSENBAUGH, C.B.I.;
RONALD BEATTY, Arap. Cty. S.O.;
J. FORSTER, Denver Dist. D.E.A.;
PATRICK J. SULLIVAN, JR., Sheriff;
DIRECTOR OF C.B.I.; DIRECTOR
DENVER DIST. D.E.A.; NAT'L
ADMIN. D.E.A.; CHRISTOPHER
CROSS, Arap. Cty. J.; GREG
NOZUM; PUBLIC SAFETY,
EXECUTIVE DIRECTOR OF,

    Defendants-Appellees.

No. 99-1387
(District of Colorado)
(D.C. No. 99-Z-902)

## ORDER AND JUDGMENT[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mark A. Strepka, proceeding *pro se*, appeals the district court's dismissal, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), of his § 1983 civil rights complaint. In his complaint, Strepka alleged that he was being held at the Arapahoe County, Colorado, Detention Facility, awaiting trial on pending charges. He further asserted that he was subjected to an illegal, warrantless arrest and that he should have been, but was not, brought before a judge or magistrate within forty-eight hours for a probable cause hearing. In dismissing the complaint, the district court noted that absent extraordinary circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 45. Because Strepka had not made the requisite showing of extraordinary circumstances, the district court concluded that it must dismiss the action pursuant to *Younger*. On appeal, Strepka contends as follows: (1) *Younger* does not extend to actions where the only requested remedy is damages; and (2) even if *Younger* does apply to his complaint, the district court should have stayed, rather than dismissed, his claims.

Strepka's assertion that *Younger* does not apply to § 1983 complaints when the only requested remedy is damages is foreclosed by established Tenth Circuit precedent. *See Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981); *Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999). Strepka is correct, however, in his assertion that the district court erred in dismissing, rather than staying, his complaint. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in state proceedings."); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (citing *Deakins*). Nor can the district court's dismissal of Strepka's complaint be salvaged by reference to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Pettit*, 1999 WL 586998, at *2 (although district court's dismissal of § 1983 damages claim was not proper under *Younger*, dismissal was proper on basis of *Heck*). This court recently held "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee*, 195 F.3d 553, 558 (10th Cir. 1999) (quotation omitted). Furthermore, the *Beck* court specifically held that "nothing in *Heck* changes the general rule that causes of action relating to allegedly illegal arrest arise at the time of the arrest." *Id.* Because Strepka's § 1983 claims both relate to police actions occurring within the

time frame of his arrest, a dismissal pursuant to *Heck* is not appropriate in this particular case.

The district court's order of dismissal is hereby **REVERSED** and the case is **REMANDED** to the district court to reinstate the complaint. Because the district court dismissed the complaint *sua sponte* before it could be served on the defendants, the district court should order the complaint properly served. Once the complaint has been properly served, the district court should stay all proceedings in the case pending the outcome of the underlying state proceedings. Strepka's "Motion of Ambiguity Question of Judicial Procedure" is **DENIED** as moot.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge